RICHLEY, DIRECTOR, APPELLEE, *v.* LIECHTY ET AL., APPELLANTS.█

[Cite as Richley v. Liechty (1975), 44 Ohio App. 2d 359.]

(No. 2-74-16—Decided January 17, 1975.)

*Mr. William J. Brown,* Attorney General, and *Mr. Ronald D. Kenner,* for appellee.

*Mr. Roger J. Henkener* and *Mr. Ronald H. Miller,* for appellants.

COLE, J. This is an appeal by a landowner from a judgment of $3,880 in an appropriation action. The errors

assigned concern certain matters relating to the rendering of its verdict by the jury and the effect of certain interrogatories submitted to the jury. The errors as assigned are basically twofold:

1. that the trial court erred in refusing to enter judgment in accordance with the verdict of the jury and in overruling the landowner's motion for judgment notwithstanding the judgment previously entered and

2. that the trial court erred in overruling the landowner's motion for a new trial.

The underlying problem involved in both assignments of error concerns the impact of a discrepancy between the verdict of the jury and the answers given by the jury to certain interrogatories submitted to it by counsel for the state.

The requirements of R. C . 163.14 are as follows:

"The jury, in its verdict, shall assess the compensation for the property appropriated and damages, if any, to the residue to be paid to the owners. When a building or other structure is on the property appropriated * * * the jury, in assessing compensation to any owner of the land, shall assess the value thereof as part of the compensation. * * *"

The actual verdict rendered by the jury was as follows:

Compensation for land taken (without structures) $4,000;
Compensation for value of structures and land improvements $1,500;
Damages to the residue $2,000;
Total compensation and damages $7,500.

Prior to the time the jury retired, at the request of counsel for the state, and without objection by counsel for the landowner, the two interrogatories were submitted and they were answered by the jury as follows:

"Q. What amount do you find for the fair market value of the whole property of Norman Liechty as of April 16, 1974, before the proposed highway improvement?

"A. $96,000.

"Q. What amount do you find for the fair market value of the residue or remainder of the Liechty property after

the highway improvement irrespective of any benefits to the owner by reason of any improvement proposed by the State?"

"A. $92,120."

Obviously, the difference between their figures is $3,880 and not the $7,500 in the verdict. The jury was then excused and the court entered a judgment based on the interrogatories and not upon the verdict, stating: "But I surely entertain a motion for a new trial."

A motion for a new trial and for a judgment notwithstanding the verdict were subsequently filed and the court overruled both motions. An appeal to this court was taken from the final judgment and from the judgment on the motions.

As previously stated, the fundamental problem here presented is the question of the authority of the trial court to render a judgment in an amount other than the amount of the verdict returned by the jury.

The Ohio Constitution, Article I, Section 19, provides, in part, as follows: "* * * and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

It appears that the verdict of the jury here was $7,500. This was the assessment by a jury called for by the constitution. There is no constitutional exception which would authorize a court to substitute another amount obtained from some other source, even though that other source is the answer by the jury of a specific interrogatory. The constitution calls for the assessment by a jury of the compensation, and though it did so the judgment was not for an amount so assessed. At the most, the answer to the interrogatory indicated confusion and misunderstanding by the jury in reaching the assessment of compensation, not a substitute assessment.

It is contended that the trial court is authorized to act as it did by Civil Rule 49.

"When one or more of the answers is inconsistent with

the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict * * *."

Neither a statute nor a court rule can override the specific constitutional requirement that compensation is to be assessed by a jury. Even, however, if this is not the case, the rule does not authorize the action here taken.

Under Civil Rule 49, interrogatories are the substantial equivalent of that which formerly was called a special verdict. That which formerly constituted an "interrogatory" and which was primarily directed to evidentiary matters has been eliminated by the rule. As they now exist, "interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law."

See McCormack, Civil Rules Practice, Section 1220 (Supp. 1973), as follows:

"Interrogatories may be directed to determinative issues only and are similar to the former special verdicts. The practice of asking evidentiary questions was intended to be eliminated by the Civil Rules as the jury, in all fairness, frequently cannot provide that type answer."

We then turn to the older concept of special verdict which also had as its basic requirement that it be concerned only with "determinative issues." In *Miller* v. *McAllister* (1959), 169 Ohio St. 487, at 494, the court said, as to a form of special verdict before it:

"In our opinion, such special verdict form is not that contemplated by the new statutes on special verdicts. It calls, in part at least, for findings on evidentiary matters, which procedure falls within the classification of interrogatories. Under the new statutes, a special verdict form should embrace only 'determinative issues,' and determinative issues are ultimate issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury."

The reference to interrogatories, of course, is to interrogatories as to evidentiary matters, which are now

eliminated. The present interrogatories, as above indicated, are essentially similar to the former special verdict; hence, the definition of determinative issues is most pertinent and appropriate to the present case.

The distinction is between issues of evidence and ultimate issues. In a negligence action, as indicated by the court's opinion cited above, the determinative issues include the issues of negligence, proximate cause, contributory negligence and damages. However, in an appropriation action there are only two ultimate issues: the amount of compensation which by statute is segregated into compensation for land taken and damages to the land remaining. All other ultimate issues are preliminary questions which are resolved prior to the empaneling of the jury and are not submitted to it. Therefore, the ultimate issues are the amount of compensation and the amount of damage to the residue, where applicable, and these are also the sole determinative issues.

Since, therefore, the determinative issues and the issues submitted to the jury for its verdict are identical, there is no function for an interrogatory. Civil Rule 49, therefore, has no application to an appropriation proceeding in this respect. Rule 1(C) states:

"These rules, to the extent that * * * [they] would by their nature be clearly inapplicable, shall not apply to procedure * * * (2) in the appropriation of property * * *."

Since there is only one ultimate issue for submission to the jury in an appropriation proceeding (or two, if one considers the statutory division into damages and compensation), a special interrogatory as to that determinative issue would constitute a meaningless duplication. Civil Rule 49 is therefore clearly inapplicable to an appropriation proceeding so far as it provides for the submission of interrogatories.

In any event, the interrogatories here dealt with evidentiary matters, to which experts are permitted to testify, not to the ultimate issue as to compensation, to which, it is generally held, they may not testify. 19A Ohio Jurisprudence 2d 459, Eminent Domain, Section 286. The ultimate issues as to the award for the land taken and as to the

damage to the residue are for the jury alone. The values before and after the appropriation are evidentiary matters pertinent to the ultimate issues, but are by no means identical with them.

We conclude then that the court was in error in predicating its judgment on the answers of the jury to special interrogatories. No objection was made to the submission of the interrogatories; hence, that act cannot be reversible prejudicial error. However, the act of rendering a judgment on something other than the verdict of the jury from which this appeal is taken must be considered prejudicial error.

We now come to consider the disposition to be made of the case. Although the jury's verdict was the proper basis for judgment, nevertheless, the answer to the special interrogatories was before the trial court, without objection. Although these interrogatories cannot be used as the basis for a judgment other than the verdict, they nevertheless can and do exhibit a basic confusion of the jury as to what it was doing. We believe basic principles of justice require that the trial court should have discharged the jury under these conditions and ordered a new trial.

Returning then to the assignments of error:

1. The trial court was not in error in refusing to enter judgment in accordance with the verdict of the jury since there was uncontrovertible evidence before the court that the jury was confused. The motion for a judgment on the verdict notwithstanding the judgment (sic) entered was likewise not well taken and the court was not in error in so acting.

2. The trial court erred in granting judgment on the basis of the interrogatories; hence, it was in error to the prejudice of appellant in overruling the motion for a new trial. We therefore reverse the judgment of the trial court and remand the cause to that court for a new trial.

*Judgment reversed and cause remanded.*

GUERNSEY, P. J., and MILLER, J., concur.