WEST ET AL., APPELLANTS, *v.*
VAJDI, APPELLEE.

(No. 12735—Decided
May 13, 1987.)

*Robert E. Kerper, Jr.,* for appellants.
*David Hilkert,* for appellee.

MAHONEY, J. Plaintiffs Yvonne and Gordon West appeal from a jury verdict in an action brought against defendant Mehrdad Vajdi. In their sole assignment of error, the Wests contend that the trial court committed reversible error by failing to submit requested interrogatories to the jury. We agree.

The Wests brought this action against Vajdi, alleging that Vajdi negligently drove his motor vehicle into a vehicle being operated by Yvonne West on or about April 16, 1984. Yvonne West sought damages for various injuries to her person, injuries to her property, and medical expenses that she incurred as a result of the accident. Gordon West sought damages for loss of consortium.

The matter proceeded to a jury trial on June 11, 1986. Prior to closing arguments, the Wests submitted interrogatories for the jury pursuant to Civ. R. 49(B). The trial court refused to submit the Wests' interrogatories and eventually charged the jury regarding the relevant law. The jury returned a verdict for Yvonne West in the sum of $1,800.90. Gordon West received no damage award.

Civ. R. 49 governs verdicts and interrogatories and provides in pertinent part:

"(A) General verdict. A general verdict, by which the jury finds generally in favor of the prevailing party, shall be used.

"(B) General verdict accompanied by answer to interrogatories. The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.

"The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to

render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict."

The Ohio Supreme Court has held that a trial court has a mandatory duty to submit written interrogatories to the jury upon the request of any party. *Ragone* v. *Vitali & Beltrami, Jr., Inc.* (1975), 42 Ohio St. 2d 161, 71 O.O. 2d 164, 327 N.E. 2d 645, paragraph one of the syllabus. However, Civ. R. 49(B) does not " '* * * render the trial judge a mere conduit who must submit all interrogatories counsel may propose. * * *' " *Id.* at 165, 71 O.O. 2d at 166, 327 N.E. 2d at 649. If interrogatories are not based upon the evidence, are ambiguous, or are otherwise legally objectionable, the judge may refuse to submit them to the jury. *Id.* at 165-166, 71 O.O. 2d at 166, 327 N.E. 2d at 649.

Recently, the Ohio Supreme Court reaffirmed the mandatory nature of a trial court's duty under Civ. R. 49(B). See *Cincinnati Riverfront Coliseum, Inc.* v. *McNulty Co.* (1986), 28 Ohio St. 3d 333, 28 OBR 400, 504 N.E. 2d 415. In *McNulty,* the trial court flatly refused to submit a large number of interrogatories due to time considerations. The Supreme Court held:

"This court respects the time restraints under which trial courts must work; however, we can not approve the ignoring of the Civil Rules. We therefore agree with the decision of the court of appeals, and hold that the trial court erred when it failed to follow the mandate of Civ. R. 49(B)." *Id.* at 336, 28 OBR at 402, 504 N.E. 2d at 418.

In the case at bar, the trial court marked the Wests' interrogatories "Refused[.] gen'l verdict preferred by law." The trial judge's initials follow. We find this to be a misinterpretation of the rule. As far as the subject matter is concerned, Civ. R. 49(B) interrogatories are similar to the former "special verdicts." See *Richley* v. *Liechty* (1975), 44 Ohio App. 2d 359, 73 O.O. 2d 408, 338 N.E. 2d 789. Consequently, the Wests' interrogatories may not be summarily rejected merely because they resemble a special verdict.

Vajdi contends that the Wests' interrogatories are not supported by the evidence and that an insufficient record has been transmitted to support a contention that the evidence does support the interrogatories. We have previously held that a complete transcript of proceedings may be necessary to enable the court to make such a determination. See *Bertsch* v. *Ohio Savings Assn.* (Nov. 30, 1983), Summit App. No. 11158, unreported.

In the case at bar, the record reveals that the only issues submitted to the jury concerned what injuries the Wests suffered as a proximate result of Vajdi's negligence and what damages should be awarded. All of the interrogatories in controversy addressed these determinative issues. Various appellate courts have recognized that interrogatories may be employed to test the jury's verdict in this manner. See, *e.g., Ware* v. *Richey* (1983), 14 Ohio App. 3d 3, 6, 14 OBR 6, 8, 469 N.E. 2d 899, 903, disapproved on other grounds in *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 159, 25 OBR 201, 203, 495 N.E. 2d 572, 574; *Balbach* v. *Akron Metropolitan Housing Auth.* (Feb. 6, 1987), Summit App. No. 12292, unreported, at 13; *Steensen* v. *Lapp* (Dec. 29, 1981), Muskingum App. No. CA-81-8, unreported, at 27-28.

It is noteworthy that the partial transcript of proceedings reveals that the trial court instructed the jury on most of the injuries addressed in the interrogatories. It is well-settled Ohio law that a trial court should instruct the jury only on the law arising from

62

the facts supported by the evidence. See *State* v. *Bissantz* (1982), 3 Ohio App. 3d 108, 112, 3 OBR 123, 127, 444 N.E. 2d 92, 97.

Vajdi contends that many of the interrogatories in controversy are repetitive and could confuse the jury. Assuming *arguendo* that this is true, this fact does not lead to the conclusion that all of the Wests' interrogatories may be rejected.

Vajdi also contends that the Wests waived any right to have the interrogatories submitted by failing to object to their rejection on the record and failing to request a modification by the trial court. The Ohio Civil Rules do not specifically require any such objection or request by a party submitting Civ. R. 49(B) interrogatories.

The Wests submitted thirteen typed interrogatories, consisting of thirteen pages stapled together. The document was marked as an exhibit, and the trial judge marked his rejection on the face of the document. Under these circumstances, a subsequent objection would be a vain act and serve no purpose.

The judgment of the trial court is vacated and this cause is remanded for a new trial consistent with this opinion.

*Judgment vacated and cause remanded.*

GEORGE, J., concurs in judgment only.

QUILLIN, P.J., dissents.

QUILLIN, P.J., dissenting. Civ. R. 49(B) only mandates that *proper* interrogatories be submitted to the jury. The bulk of the interrogatories before us do not test the determinative or ultimate issues. If any error occurred it was harmless.