I cannot find that General Motors waived any error arising from the trial court's failure to give the self-defense interrogatory that General Motors had requested when it failed to object to the omission. As the Fifth District Court of Appeals pointed out in Brown v. Invacare Corporation (Feb. 18, 1992), Richland App. No. CA-2858, unreported:
 "In contrast to Civ.R. 51(A), which requires an objection to preserve error in failure of the court to give proposed jury instructions, Civ.R. 49(B) is silent as to whether an objection is required. We must assume that the drafters of the Civil Rules intended that an objection not be required to preserve error as to interrogatories. See West v. Vajdi
(1987), 39 Ohio App.3d 60, 528 N.E.2d 1289. (Objection to court's failure to submit interrogatories is not required, as objection would be a vain act and serve no purpose.)"
 Id. at p. 2.
Error is properly preserved when the trial court was fully apprised of the law and the particular request concerned. In that event, there is no sound reason to require an objection to a ruling rejecting the request. See State v. Mack (1998), 82 Ohio St.3d 198;State v. Brooks (1996), 75 Ohio St.3d 148. To then also require an objection when the court refuses to give proffered interrogatories runs counter to the expressed purpose of the Civil Rules, which per Civ.R. 1(B) is "to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Brown v. Invacare,supra.
Here, the court did not expressly reject the requested instruction or "inform counsel of its proposed action on the requests," as Civ.R. 49(B) requires. There is even less reason, therefore, to require General Motors to object in order to preserve the error it has assigned. Nevertheless, I do not find the trial court's failure to give the requested instruction presents a basis to reverse.
Civ.R. 49(B) requires the court to submit interrogatories that are timely filed and proper in form and substance. In that event, the requirement is mandatory. Ragone v. Vitali andBelrami, Jr., Inc. (1975), 42 Ohio St.2d 161. The court is not a mere conduit, however. Id. Civ.R. 49(B) does not require a trial court actively to assist a party in reformulating improper interrogatories. Freeman v. Norfolk Western Ry. Co. (1994),69 Ohio St.3d 611. "The court's duty is merely to submit proper interrogatories, and to reject [requested interrogatories] only for a proper reason." Id., at p. 614. The court retains the discretion to reject requested interrogatories if they are not based on the evidence or if the are incomplete, ambiguous, or otherwise legally objectionable. Riley v. Cincinnati (1976),46 Ohio St.2d 287.
The interrogatory that General Motors requested and which the trial court failed to give states: "Were Defendant Roger Weller's actions taken in self-defense?" But, which actions? The evidence portrays a sequence of events in which Weller and Plaintiff Bardonaro were involved. Some might demonstrate self-defense on Weller's part, but others might not. If General Motors intended to refer specifically to Weller's act of dumping Bardonaro from the bucket of his front end loader, it could have said so. It didn't, however, and the omission renders the interrogatory ambiguous and confusing. The trial court should have refused to give it. Therefore, its failure to give the interrogatory does not present reversible error. I would overrule the first assignment of error on that basis.