OPINION
Plaintiff-Appellant, Roger L. Stant ("Appellant"), individually and as the executor of the estate of Virginia Stant, deceased, appeals from an Allen County Common Pleas Court decision finding in favor of Defendant-Appellees, C.T. Lin, M.D. and C.T. Lin, M.D., Neurosurgery, Inc. ("Dr. Lin"), in a medical malpractice action. Appellant contends that the trial court erred by submitting an interrogatory to the jury that asked whether Dr. Lin was negligent instead of whether Dr. Lin deviated from the appropriate standard of care. Because the trial court instructed the jury on the applicable standard of care necessary for a finding of negligence and because the issue of negligence is a determinative issue in a medical malpractice case, the trial court did not abuse its discretion in submitting Dr. Lin's proposed jury interrogatory.
The facts leading to this appeal are as follows. Virginia Stant, a patient of Dr. Lin, died of a stroke following a carotid endarterectomy procedure performed while in Dr. Lin's care. Appellant, the widower of Virginia Stant, filed a complaint against Dr. Lin alleging medical malpractice. Appellant asserted that Dr. Lin was negligent in his care and treatment of the decedent.
After the close of evidence at trial, counsel for both parties submitted proposed jury interrogatories to the trial court. Appellant's first submitted jury interrogatory asked whether Dr. Lin deviated from the applicable standard of care or whether Dr. Lin was negligent in his care of Virginia Stant. Dr. Lin's first jury interrogatory, however, only asked whether he was negligent in his care of Virginia Stant. Appellant subsequently requested that the court refer only to the applicable standard of care in the first interrogatory as opposed to his written submission that also included a reference to negligence. The trial court, however, submitted Dr. Lin's proposed interrogatory.
The jury found in favor of Dr. Lin on the issue of negligence by answering in the negative to the first interrogatory. Consequently, the jury signed the general verdict form in Dr. Lin's favor, and judgment was entered accordingly. Challenging the trial court's decision to submit Dr. Lin's interrogatory, Appellant brings this appeal, asserting the following sole assignment of error for our review.
 Assignment of Error I The trial court erred to the prejudice of the Appellant [sic] by submitting to the jury a jury interrogatory that was not directed at a determinative issue, based on the claim prosecuted and the evidence presented.
Appellant claims that the trial court erred by not referring to the standard of care in the first interrogatory submitted to the jury, asserting that the deviation from the applicable standard is the determinative issue in a malpractice case. Based upon the following rationale, we find that the trial court did not abuse its discretion in deciding which interrogatories to put before the jury.
The Ohio Supreme Court has held that a trial court has a mandatory duty to submit written interrogatories to the jury upon the request of any party.[1] However, Civ.R. 49(B) does not require the trial judge to act as merely a conduit and submit all interrogatories counsel may propose.[2] The trial court retains discretion to reject proposed interrogatories that are ambiguous, confusing, redundant, or otherwise legally objectionable.[3]
A trial court's decision whether to submit a proposed interrogatory cannot be disturbed on appeal absent a showing that the trial court abused its discretion.[4] An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable.[5]
A decision is unreasonable if no sound reasoning process would support the decision.[6]
The purpose of an interrogatory is to "`test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict.'"[7]
Moreover, proper jury interrogatories must address determinative issues;[8] in other words, those issues which when decided will definitely settle the entire controversy between the parties.[9]
Medical malpractice cases are nothing more than negligence actions against medical professionals; thus, one determinative issue the jury must find for liability to attach is whether the medical professional was negligent.[10] While a fundamental issue in all negligence cases is whether the defendant breached the standard of care, we find that based upon the trial court's instructions to the jury, it was not incumbent upon the trial court to reference the standard of care in the jury interrogatories.[11]
The trial court determined that the question of whether Dr. Lin was negligent was the ultimate issue to be decided and that the instructions to the jury would amply define the requisite standard of care that the jury would need to base its decision. Notably, the trial court reiterated during its instructions to the jury the importance of the standard of care by instructing the following:
 The existence of a physician/patient relationship places on the physician the duty to act as would a physician of ordinary care, skill, and diligence under the same or similar conditions or circumstances. The standard of care is to do those things which such a physician would do and to refrain from doing those things which such a physician would not do. If you find by a greater weight of the evidence that either defendant failed to use that standard of care then you may find that he was negligent. I'm going to read that again. If you find by the greater weight of the evidence that defendant failed to use that standard of care then you find that he was negligent.[12]
It is axiomatic that a presumption always exists that the jury has followed the instructions given to it by the trial court.[13]
Moreover, inasmuch as the trial court instructed the jury on the applicable standard of care, the omission of a reference to the standard of care in the jury interrogatory would not have prevented the jury from understanding that Dr. Lin's divergence from the applicable standard was a necessary precursor to a finding of negligence.[14] Civ.R. 49(B), which applies to jury interrogatories, further buttresses this by stating that "[t]he court shall give such explanation or instruction as may be necessary to enable the jury * * * to * * * answer * * * the interrogatories and to render a general verdict." Consequently, the trial court did not abuse its discretion in submitting Dr. Lin's interrogatory to the jury, and Appellant's assignment of error is hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, J.J., concur.
[1] Ragone v. Vitali Beltrami, Jr., Inc. (1975), 42 Ohio St.2d 161,165.
[2] Id.
[3] Ramage v. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, paragraph three of the syllabus.
[4] Ragone, 42 Ohio St.2d at paragraph one of the syllabus; Weidner v.Blazic (1994), 98 Ohio App.3d 321, 329.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
[7] Freeman v. Norfolk W. Ry. (1994), 69 Ohio St.3d 611, 613, quoting Riley v. Cincinnati (1976), 46 Ohio St.2d 287, 298.
[8] Ramage, 64 Ohio St.3d at 107.
[9] Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10,15, overruled on other grounds by Fidelholtz v. Peller (1998),81 Ohio St.3d 197; Clark v. Doe (1997), 119 Ohio App.3d 296, 304; Richleyv. Liechty (1975), 44 Ohio App.2d 359, 362.
[10] Kurzner v. Sanders (1993), 89 Ohio App.3d 674, 681. Cf. Richley,44 Ohio App.2d at 363.
[11] Cf. Ragone, 42 Ohio St.2d at 166.
[12] Emphasis added.
[13] Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus; State v. Dougherty (Sept. 12, 1996), Hancock App. No. 5-94-2, unreported.
[14] Cf. Ragone, 42 Ohio St.2d at 166.