DECISION AND JUDGMENT ENTRY
This case is on appeal from the January 26, 1999 judgment of the Lucas County Court of Common Pleas, which denied the motion of appellants, Marlene Pavon and Jose Pavon, for a new trial under Civ.R. 59(A)(6). On appeal, appellants assert the following sole assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFFS [SIC] MOTION FOR A NEW TRIAL BASED UPON THE FACT THAT THE JURY VERDICT WAS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE, THAT THE DAMAGES AWARDED WERE INADEQUATE [SIC]."
Appellants brought suit against appellee, Shirley Schick, for injuries they suffered in an automobile accident.
Schick stipulated to liability, but a trial was held on the issues of causation and damages. A jury awarded appellants $783.75 and $897.80, respectively. Their minor children were awarded zero dollars on their consortium claim. Appellants requested a new trial on the issue of damages.
Civ.R. 59(A)(6) provides that the trial court may grant a new trial on the ground that the judgment is not sustained by the weight of the evidence. The trial court's standard for ruling on a motion for new trial on this ground will be to review and evaluate the credibility of the witnesses and the weight of the evidence in general. The court must decide whether the verdict is contrary to the manifest weight of the evidence (not merely a difference of opinion). If the court finds that the judgment is not supported by the evidence, it must then determine whether, in its discretion, a new trial is warranted to prevent a miscarriage of justice. Poske v. Mergl (1959), 169 Ohio St. 70, at 73-74, andRohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus; and Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183. On appeal, this court will reverse the trial court's determination only upon a showing that it abused its discretion. Malone v.Courtyard by Marriott, Inc. (1996), 74 Ohio St.3d 440, 448, andRohde, supra at paragraph one of the syllabus.
Appellants first contend that Jose Pavon's damage award was against the manifest weight of the evidence because he was not awarded compensatory damages for all of his uncontroverted medical bills. Jose Pavon argues that he presented uncontroverted evidence that his total medical bills were $4,589.80 and that his injuries were caused by the accident.
Even where the jury is presented with uncontroverted evidence, it may choose to disregard any or all of the evidence.
Bailey v. Emelio C. Chu, M.D., Inc.(1992), 80 Ohio App.3d 627,634, and Neal v. Blair (June 10, 1999), Lawrence App. No. 98CA37, unreported. Therefore, we find that the trial court did not abuse its discretion when it determined that the jury's verdict regarding Jose Pavon was supported by the evidence.
Second, appellants assert that their damage awards were inadequate because they incorporate only a portion of their medical costs and nothing for pain and suffering. The first three medical bills for emergency room treatment by both Marlene and Jose Pavon totaled $73.75 and $897.80, respectively.
Jury interrogatories are a means by which a court may determine if there were any inconsistencies between the facts and the jury's findings. Malone, supra at 449, and CincinnatiRiverfront Coliseum, Inc. v. McNulty Co. (1986), 28 Ohio St.3d 333,336. Without such interrogatories, the court cannot deter mine from a general verdict whether the jury failed to award a specific component of damages (past and future medical expenses, past and future pain and suffering, lost wages, etc.). Neal v.Blair (June 10, 1999), Lawrence App. No. 98CA37, unreported;Goodson v. Reese (June 14, 1996), Allen App. No. 1-95-82, unreported; and McAdams v. Bauman (Apr. 10, 1996), Wayne App. No. 95CA0043, unreported. Cf. Vanbuskirk v. Pendleton (Jan. 18, 1980), Crawford App. No. 3-79-14, unreported (jury's damage award in the amount equal to plaintiff's medical bills leads to the "almost inescapable conclusion that the doctor bill constituted the sole measure of the award" and did not include any amount for pain and suffering).
In this case, it appears that the jury awarded appellants only their medical expenses incurred at the emergency room because of the exactness of the award. However, there is no means by which the trial court could determine without special interrogatories whether the awards were some composition of medical expenses and pain and suffering. Therefore, appellants have failed to establish that the trial court abused its discretion by denying their motion for a new trial.
Appellants' sole assignment of error is not well-taken. Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
_________________________ Peter M. Handwork, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J. CONCUR.