{¶ 16} I respectfully dissent on the first assignment of error because I disagree with the majority's application of Civil Rule 49(B).
 {¶ 17} Civ.R. 49(B) explicitly mandates the submission of interrogatories: "The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument." (Emphasis added.)
 {¶ 18} In Werner v. McAbier, (Jan. 13, 2000), Cuyahoga App. Nos. 75197 75233, 2000 Ohio App. LEXIS 73, this court reaffirmed the necessity of following Civ.R. 49(B) and the use of proper interrogatories whenever possible. Id. at *10. Encouraging the use of interrogatories serves important public policy goals. As the Supreme Court of Ohio previously explained, interrogatories assist in "facilitating appellate review of jury damage awards. With such separate findings by the jury being available, not only may counsel for the litigants more accurately determine the need for appeal, but the review process on appeal would be enhanced." Fantozzi, supra, at 617.
 {¶ 19} In Werner, supra, this court held the trial court's failure to submit the proposed interrogatory was prejudicial. Without the damage allocation provided by the interrogatory, it was impossible to determine what damages the jury award included. Similarly, in the case at bar, there is no damage allocation; therefore, it is impossible to determine with certainty which damages the jury awarded. It is this very type of situationWerner sought to prevent. Discussing the purpose of interrogatories, this court explained: "Interrogatories test the correctness of the jury's verdict by ascertaining the jury's assessment of the evidence presented at trial." Werner, supra at *9-10, citing Srail v. RJF Int'l Corp. (1998),126 Ohio App.3d 689, 700. {¶ 20} The majority, on the other hand, states that the court is not required to give a special interrogatory and cites Fantozzi, supra, in support of this claim. I do not agree that Fantozzi supports this conclusion. Fantozzi held it was not prejudicial error for the trial court to submit a special interrogatory for "loss of enjoyment of life" rather than the requested, more specific, interrogatory of "inability to perform usual activities." Id. at 617. For the court inFantozzi, the issue was whether two interrogatory versions presented a distinction without a difference and therefore no prejudicial error occurred.
 {¶ 21} In the case at bar, no interrogatory at all was submitted to the jury; only a jury instruction on the damage elements was given to the jury. Fantozzi, therefore, is not persuasive authority in this case.
 {¶ 22} Additionally, the mere fact that the jury was instructed on damage elements does not replace the specific inquiry the proposed interrogatory would have achieved. In Yorkv. Mayfield, (1999), 133 Ohio App.3d 777, the Twelfth District Court of Appeals held, "[s]imply, jury instructions are not a substitute for a validly proposed interrogatory." Id. at 785.
 {¶ 23} Although Fantozzi did not address whether the trial court is required to submit a requested interrogatory, the Ohio Supreme Court did rule on this issue in Cincinnati RiverfrontColiseum v. McNulty Co. (1986), 28 Ohio St.3d 333. The Court held: "The wording of Civ.R. 49(B), that the `court shall submit written interrogatories upon request of any party,' is mandatoryin character and leaves no discretion in the trial court on thequestion of submission, upon request, of proper interrogatoriesto the jury." (Emphasis sic.) Id. at 336, quoting Riley v.Cincinnati (1976), 46 Ohio St.2d 287, 298.
 {¶ 24} This court has previously provided a criterion for determining when interrogatories are "proper." In Werner, we explained: "Interrogatories are proper if they raise determinative issues." Werner, supra at *10 citing Costa v.Hardee's Food Sys., 1998 Ohio App. LEXIS 137, Warren App. No. CA97-03-022. See Ramage v. Central Ohio Emergency Serv.,Inc. (1992), 64 Ohio St.3d 97; Cincinnati Riverfront Coliseum v.McNulty (1986), 28 Ohio St.3d 333. This court concluded, "the proposed interrogatory involved a determinative issue — the amount of damages to be awarded — and was therefore a proper interrogatory." Id. at *12.
 {¶ 25} The majority, however, believes that the trial court's rejection was nonetheless proper because appellant did not present any evidence of lost wages. I disagree with this analysis. Werner stands for the proposition that interrogatories should be given to the jury whenever they are proper, and this interrogatory could have easily been modified by striking the line dealing with lost wages.
 {¶ 26} Civ.R. 49(B) grants the court the additional discretion to determine the form and substance of the interrogatories. Riley v. Cincinnati, 46 Ohio St.2d 287. Civ.R. 49(B) states, "the interrogatories shall be submitted to the jury in the form that the court approves." In West v. Vajdi (1987),39 Ohio App.3d 60, for example, the court upheld the rejection of repetitive and confusing interrogatories. While the trial court has discretion on the form and substance of interrogatories, that discretion does not include ignoring simple revisions that would resolve anything objectionable. The difficulty of correction must be weighed against the need for a clear determination of the jury's award. In the case at bar, the court could have easily modified the requested interrogatory simply by striking the line dealing with lost wages, which was not an issue in the case. Submitting the special interrogatory to the jury in this redacted format would have fully satisfied the mandate of Civ.R. 49(B).See Martin v. City of Cleveland (1991), 66 Ohio App.3d 634,645.
 {¶ 27} Generally, the parties have the burden of submitting a proper interrogatory. In the case at bar, however, because the trial court mistakenly believed the interrogatory was a special verdict form, the appellant had no opportunity to resubmit the interrogatories in the proper form. The court stated: "That's a special verdict. Those have been outlawed in Ohio for a long time." Tr. at 183. The court then inquired about the form of the verdict, and rejected the proposed interrogatory, stating it was a special verdict form. The court concluded no further arguments were needed. Tr. at 186.
 {¶ 28} Civ.R. 49(C)states: "Special verdicts shall not be used." Civ.R. 49(A) provides: "A general verdict, by which the jury finds generally in favor of the prevailing party, shall be used." The Supreme Court of Ohio in Schellhouse Admx. v. Norfolk Western Railway Co., et al., 61 Ohio St. 3d 520, stated the importance of adherence to Civ.R. 49(C): "In place of the old special verdict, the drafters provided, in Civ.R. 49(B), for the use of interrogatories in combination with the general verdict as a means of attaining the perceived advantages of the special verdict while avoiding its disadvantages." That is exactly what appellant in the case at bar requested: special jury interrogatories to be submitted with a general verdict form. The trial judge, however, erroneously believed the proposed interrogatory was a special verdict, which has been outlawed. The majority admits that the trial judge was probably mistaken in his characterization of the requested interrogatory.
 {¶ 29} The problem is that the judge's definitive and erroneous ruling precluded any modification of the interrogatory. As a result, the court did not even consider submitting the proffered interrogatory in a redacted form; nor did the court give the appellant any opportunity to respond to the court's objection.
 {¶ 30} For these reasons, I believe the majority mischaracterizes when it says that this court "is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Majority Opinion, at 8. AsRiley, supra, points out, it is mandatory that the jury receive interrogatories which if they contain errors should be corrected not abandoned. The judgment in this case cannot be deemed "correct" when the jury never received any interrogatories. By putting the proverbial cart before the horse, the jury verdict cannot be deemed "correct" if we do not know how the jury allocated the damages. I would, therefore, reverse and remand for a new trial.