[Cite as *Hammond v. Cleveland*, 2012-Ohio-494.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97174**

## CHRISTY HAMMOND

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734009

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEY FOR APPELLANT**

Lester S. Potash
1717 Illuminating Building
55 Public Square
Cleveland, OH   44113-1901

**ATTORNEYS FOR APPELLEES**

**For City of Cleveland**

Thomas J. Connick
James P. Sammon
Anthony J. Trzaska
Dubyak Connick Thompson & Bloom
3401 Enterprise Pkwy.
Suite 205
Cleveland, OH   44122

**For Albert M. Higley Company**

Dale E. Markworth
Mansour Gavin Gerlack & Manos
2150 Illuminating Building
55 Public Square
Cleveland, OH   44113-1994

**For AMEC Construction Management, Inc.**

Jeffrey L. Tasse
Brandon M. Fairless
Weston Hurd LLP
The Tower at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, OH   44114

**For Forest City Erectors**

Alan B. Glassman
Park Center Plaza II, Suite 450
6150 Oak Tree Blvd.
Independence, OH   44131

**For Tomco Metal Fabricating, Inc.**

James L. Glowacki
Glowacki & Imbrigiotta, LPA
7550 Lucerne Drive
Suite 408
Middleburg Heights, OH   44130

SEAN C. GALLAGHER, P.J.:

{¶ 1}   Plaintiff-appellant Christy Hammond appeals the trial court's decision granting all the defendants' motions for summary judgment in Cuyahoga County Common Pleas Court Case No. CV-734009.   For the following reasons, we affirm.

{¶ 2}   Hammond advanced premises liability and negligent design or construction claims against several defendants after suffering an injury caused by tripping over a rail at the Cleveland Hopkins International Airport ("airport"), on her way to concourse D, an addition built in 1997.   The airport is owned by the city of Cleveland and leased to the airlines.   Cleveland issued a certificate of occupancy on May 21, 1999, indicating the concourse D project was completed sometime before that date.   As part of the renovations to the airport, the concourse D addition was attached to concourse C and linked by an underground tunnel.   In order to access the tunnel, a set of steps sandwiched between two escalators were installed at the end of concourse C.   The stairs

included a handrail attached to the floor surface of the stairs and to the top of a metal bar ("stringer") that runs the length of the stairs. The stringer measures four and one half inches wide by one and one half inches tall. The stringer and stair handrail are almost seven inches from the escalator handrail, and the stringer extends less than four inches past the escalator handrail.

{¶ 3} The 1997 renovation involved several parties. Continental Airlines ("Continental"), Hammond's employer, undertook the concourse D addition. Continental hired defendant AMEC Construction Management, Inc. ("AMEC"), as the construction manager and a third party, KCF-SHG Incorporated, as the architect. AMEC was not the general contractor in the general sense of the term. The subcontractors responsible for the construction and build-out directly contracted for specific jobs with Continental. AMEC merely oversaw the managerial aspects of the construction and coordinated the individual contractors. Defendant Forest City Erectors, Inc. ("Forest City"), fabricated and installed the stairs, which included the stringer. Defendant Albert M. Higley Company ("Higley") contracted with Continental as the "Core, Shell, and Finishes" contractor for the project. Higley was responsible for installing the steel handrail on the stairs leading to the tunnel between concourses C and D. Higley subcontracted the fabrication of the steel handrail to defendant Tomco Metal Fabricating, Inc. ("Tomco").

{¶ 4} On her way to work on November 24, 2006, Hammond walked toward the stairs and escalator leading to concourse D. Hammond worked for Continental Airlines

since 1995. As Hammond approached the escalator stairs and, when she was between the escalator handrails before the first step of the escalator, she noticed six people halfway down the escalator. Deciding that she could not pass that group of people on the escalator, Hammond backed out of the escalator. During this process, one other pedestrian approached the escalator from behind Hammond. Hammond turned to her left to step around the escalator handrail and move toward the staircase, catching her toe on the stringer in the process. She tripped and fell down the first few stairs.

{¶ 5} Hammond filed a complaint alleging that Higley, Tomco, AMEC, and Forest City were negligent in designing or constructing the stringer that caused her fall. She additionally advanced a premises liability claim against Cleveland as the owner of the airport. All the defendants filed motions for summary judgment. Prior to Hammond's brief in opposition deadline, she filed for an extension of time. The trial court denied her motion on the basis that any extension would delay the trial date. Hammond then filed a motion to continue the trial date, which was also denied. Finally, Hammond filed an unsuccessful motion for leave to file a brief in opposition instanter, with her proposed brief attached. The trial court granted summary judgment in favor of all defendants. It is from this decision that Hammond timely appeals, raising four assignments of error, which provide:

> I. The trial court abused its discretion when denying plaintiff's motion for a 30-day extension in which to respond to five separate motions for summary judgment.

> II. The trial court abused its discretion when denying plaintiff's motion for a 30-day continuance of trial.

III. The trial court abused its discretion when denying plaintiff's motion for leave to file, instanter, her memorandum opposing defendants' motions for summary judgment.

IV. The trial court erred when [granting] defendants' motions for summary judgment.

{¶ 6} Hammond's first three assignments of error challenge the trial court's draconian insistence on maintaining the trial date, set four days after the first year anniversary of the case being refiled.[1] Hammond sought a 30-day extension of time to respond to all the defendants' summary judgment motions. Ohio courts have long recognized that the interests of justice are better served when courts address the merits of cases. *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985). Nonetheless, Hammond is not arguing that she was unable to present the evidence demonstrating the issues of fact because of the denial of the extension request. To the contrary, the trial court must have considered the merits of the case by conducting a review of the record evidence and construing it in favor of the nonmoving party. *Uniform Rental, L.P. v. Longazel*, 8th Dist. No. 91536, 2009-Ohio-868, 2009 WL 478620 (Feb. 26, 2009); Civ.R. 56(C). Nothing in the record indicates otherwise. Further, Hammond appealed the summary judgment decision on the merits. We must review the record de novo, which includes her brief in opposition and any evidence therein. *Comer*

---

[1] We are cognizant of the fact the general guideline for disposing of tort cases is 24 months according to the Ohio Supreme Court's reporting requirements. Sup.R. 39(A); Ohio Supreme Court Statistical Reporting Information and Forms, Common Pleas Court General Division Form A, http://www.supremecourt.ohio.gov/ JCS/casemng/default.asp (accessed Jan. 17, 2012).

*v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Therefore, our resolution of Hammond's fourth assignment of error is dispositive, which renders her first three assignments of error moot.

{¶ 7} We afford no deference to the trial court's decision and independently review the record de novo to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.). Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

> (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

While a party requesting summary judgment bears the initial burden to show the basis of the motion using the evidence allowed under Civ.R. 56(C), once the moving party satisfies this burden of production, the nonmoving party must offer specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293-94, 1996-Ohio-107, 662 N.E.2d 264 (1996).

### City of Cleveland

{¶ 8} Hammond advanced a premises liability claim against Cleveland based on Cleveland's acquiescence to the existence of the stringer that extended beyond the handrail, the purported hazard. Cleveland, in pertinent part, claimed the stringer was an

open and obvious hazard, thereby obviating Cleveland's duty to warn Hammond. On appeal, Hammond claims that attendant circumstances existed — the presence of one pedestrian approaching the escalator — that presented a genuine issue of material fact. She also argued that the stringer was not readily observable according to her and her expert.

{¶ 9} Initially, we note the parties disagreed as to the standard of care Cleveland, as landlord, owed Hammond. Cleveland contended that the traditional common law classifications of invitee, licensee, and trespasser apply. *Gladon v. Greater Cleveland R.T.A.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287. Cleveland argued that Hammond was a licensee because of the fact she was an employee on the premises and therefore Cleveland only owed a duty to avoid wanton or willful misconduct. Hammond argued that Cleveland, as a landlord in possession, owed her a duty of ordinary care because she was a business invitee.

{¶ 10} Typically, "[i]n Ohio, the commercial lessor's liability is governed by traditional common law principles. Under the common law, one having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises." *Hendrix v. Eighth & Walnut Corp.*, 1 Ohio St.3d 205, 207, 438 N.E.2d 1149 (1982). Cleveland does not dispute that it was a landlord in possession of the area where Hammond fell.

> Where a lessor has not substantially relinquished to his lessee all occupation of and control over a portion of the leased premises and where such lessor has actually exercised his right of occupation of and control over such portion, such lessor is under the duty to exercise ordinary care with respect

to the condition of such portion and that duty extends to invitees of the lessee. *Brown v. Cleveland Baseball Co.*, 158 Ohio St. 1, 106 N.E.2d 632 (1952).

Thus, a landlord's duty in such circumstances is governed by negligence in general. *Davies v. Kelley*, 112 Ohio St. 122, 146 N.E. 888 (1925), paragraph one of the syllabus.

{¶ 11} Cleveland owed Hammond the duty of reasonable care. However, application of the open-and-obvious doctrine obviates any duty to warn of an obvious hazard and prohibits any negligence claim against Cleveland for injuries related to that hazard. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. The open-and-obvious doctrine focuses on the nature of the dangerous condition itself, rather than the nature of the plaintiff's conduct in encountering it. *Id.* "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.* at ¶ 13. The visibility of the hazard is not a subjective inquiry. *Konet v. Mark Glassman, Inc.*, 11th Dist. No. 2004-L-151, 2005-Ohio-5280, 2005 WL 2416608. The determinative issue is whether the condition was objectively observable. *Id.*

{¶ 12} In *Armstrong*, the plaintiff tripped and fell over a shopping cart guardrail at the entrance of the Best Buy store. The Ohio Supreme Court held that the guardrail in question was visible to all persons entering the store and found relevant the fact that the plaintiff had visited the store multiple times, nothing obstructed the plaintiff's view of the

guardrail, and plaintiff only presented expert testimony stating that the guardrail was unsafe. The plaintiff's "expert did not opine that the low guardrail was inherently dangerous. *See Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. Rather, the expert stated that the guardrail is a tripping hazard, and that it was 'not painted yellow as is typically done to draw one's attention to a potential trip hazard[.]'" *Armstrong v. Best Buy Co., Inc.*, 9th Dist. No. 01CA007848, 2001-Ohio-1934, 2001 WL 1581568, *3. The court further noted that, "[t]he suggestion that the area could have been made safer does not provide evidence that the area as constituted is unreasonably dangerous." (Internal citations omitted.) *Id.*, citing *Demos v. Toys "R" Us, Inc.*, 9th Dist. No. 99CA007404, 2000 WL 877825 (July 5, 2000).

{¶ 13} Hammond argues that both she and her expert stated that the stringer was not readily apparent and therefore there is an issue of fact as to whether the purported hazard is open and obvious. Hammond's expert also opined that the stringer served no functional purpose and was an unreasonable tripping hazard.

{¶ 14} This case presents the same issues addressed in *Armstrong*. A review of the photographs attached to the parties' trial court briefings reveals that the stringer was objectively observable. Hammond was familiar with the location, passed through it on her way to work every day, and was able to identify the stringer in the photographs attached to her deposition testimony. It was not a latent defect. The only obstruction Hammond identified was the escalator handrail; however, the escalator could only obstruct the stringer while Hammond was standing between the escalator handrails.

Nothing obstructed the stringer while she approached the stairs and escalator, and Hammond does not argue to the contrary. It is undisputed that the area was well lit and that the stringer was silver and white and contrasted with both the carpet and the metallic floor immediately preceding the escalator. Further, as in *Armstrong*, Hammond's expert only stated that the stringer was an unacceptable hazard and had no functional purpose. Whether the stringer served a functional purpose is irrelevant, and Hammond's expert did not opine that the stringer was inherently dangerous. The current case does not differ from the facts of *Armstrong*, which we are constrained to follow. Accordingly, the trial court did not err in holding that the stringer was readily observable by a reasonably prudent person approaching the escalator and in applying the open-and-obvious doctrine.

{¶ 15} Hammond next contends that the single pedestrian approaching the escalator constituted the attendant circumstance that distracted her attention from the purported hazard. We find this argument without merit.

{¶ 16} "Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious." *Armstrong*, 99 Ohio St.3d at 82, 2003-Ohio-2573, 788 N.E.2d 1088. "Although there is no precise definition of 'attendant circumstances,' they generally include any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *Carter v. Miles Supermarket*, 8th Dist. No. 95024, 2010-Ohio-6365, 2010 WL 5486849, ¶ 18, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist.1996).

{¶ 17} The fact that a single pedestrian was approaching Hammond from behind is not the type of attendant circumstance that prevented her from detecting and avoiding the purported hazard. In fact, Hammond stated that when she backed out of the escalator, the escalator handrail obscured the stringer, not the pedestrian. More important, this court has consistently held that the presence of a crowd in and of itself does not present issues of fact that necessitate resolution through trial. *Johnson v. Regal Cinemas, Inc.*, 8th Dist. No. 93775, 2010-Ohio-1761, 2010 WL 1611010; *Seifert v. Great N. Shopping Ctr.*, 8th Dist. No. 74439, 1998 WL 775013 (Nov. 5, 1998). In both *Johnson* and *Seifert*, the plaintiffs unsuccessfully argued that the presence of a crowd presented an issue of fact. This court held that crowds were normally expected to be encountered in movie theaters and parking lots, and therefore more than the presence of a crowd of people is required to establish attendant circumstances. *Compare Regal Cinemas* at ¶ 25-26, *with Collins v. McDonald's Corp.*, 8th Dist. No. 83282, 2004-Ohio-4074, 2004 WL 1752913, ¶ 16 (finding the fact that the pedestrians actually impeded the plaintiff's view of the hazard an important distinction in determining whether the crowd was an attendant circumstance).

{¶ 18} In this case, the only person near Hammond was the single pedestrian approaching the escalator from behind Hammond. The pedestrian did not obstruct or otherwise prevent Hammond from observing the stringer. It is undisputed that there was no other person present at the escalator when Hammond approached the escalator. If the presence of a crowd is insufficient to claim that attendant circumstances were present in

*Johnson* and *Seifert*, the presence of one individual approaching Hammond from behind, in and of itself, is similarly insufficient.

{¶ 19} The trial court did not err in granting summary judgment in favor of Cleveland. There are no genuine issues of material fact, and it appears from the evidence that reasonable minds can come to but one conclusion adverse to Hammond when construing the evidence most strongly in her favor; Cleveland's duty to warn was obviated based on the open-and-obvious doctrine. Hammond's arguments to the contrary are overruled.

### AMEC, Higley, and Tomco

{¶ 20} Hammond claims that AMEC, Higley, and Tomco had a duty to notify Continental of any perceived defects they should have noticed during the construction phase of the concourse D project, despite the fact they were not involved in the actual installation or design of the alleged defect. It is undisputed that AMEC, Higley, and Tomco did not design, construct, or install the stringer. AMEC generally managed the contractors hired by Continental, but was not active in the design or installation of any components. Forest City designed and installed the stringer, and KCF-SHG Incorporated was the architect and designer for the concourse D construction project. Hammond cites to no case or statutory authority for the proposition that all independent contractors involved in the construction project owe a plaintiff, such as Hammond, a duty of care to notify the premises owner or general contractor of any perceived defects created by another independent contractor.

**{¶ 21}** To that point, in fact, Hammond relies on *Cincinnati Riverfront Coliseum, Inc. v. McNulty Co.*, 28 Ohio St.3d 333, 337, 504 N.E.2d 415 (1986), and *Plank v. DePaul Cranes, Inc.*, 2d Dist. No. 10486, 1988 WL 110312   (Oct. 21, 1988), case law she expressly claimed was inapplicable based on the fact that both deal with a general contractor's liability for injuries to a subcontractor's employee.   We agree with Hammond that those two cases are inapplicable to her claims against Higley, Tomco, and AMEC.   *McNulty* addresses liability for a negligent design claim against an architecture firm that designed the project, and *DePaul Cranes* actually reaffirms the general proposition that "[a] general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work." *DePaul Cranes* at \*6.   Neither case establishes that Higley, Tomco, or AMEC owed Hammond a duty of care.

**{¶ 22}** Hammond has not provided any authority for the proposition that an independent contractor owes a third party a duty of care to notify the premises owner or general contractor of any perceived danger from another independant contractor's negligent design or installation.   Hammond, therefore, has failed to present citations to case law or statutory authority in support of her assertions as required by App.R. 16(A)(7).   Hammond's arguments are without merit and must be overruled.

**Forest City**

{¶ 23} Finally, Hammond claims that the trial court erred in granting summary judgment in favor of Forest City. In total, her argument is that

> [t]he extension of the raised metal stringer beyond the escalator's handrail served no structural or other functional purpose and, more significantly, there was no justification for the extended metal stringer to be raised, i.e., not flush with the floor. Forest City's fabrication and installation of the metal stringer, which Forest City has not denied, created an unacceptable hazard and risk to those using the area at and around the down escalator to the tunnel leading to concourse D.[2]

There is no citation to the record or any legal authority.

{¶ 24} "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *State v. Durham*, 8th Dist. No. 94747, 2011-Ohio-2256, 2011 WL 1849409, ¶ 43, citing *State v. McGuire*, 12th Dist. No. CA95-01-001, 1996 WL 174609 (Apr. 15, 1996). Hammond again failed to support her claims with citations to the record, case law, or statutes. App.R. 12(A)(2) and 16(A)(7).

{¶ 25} We accordingly overrule Hammond's assignments of error pertaining to Forest City. Hammond has not identified any bases to determine that the trial court erred in granting summary judgment in Forest City's favor.

**Conclusion**

---

[2] We acknowledge that Hammond also addressed whether the open-and-obvious doctrine applied to Forest City. We need not address this issue. It is well settled that an independent contractor may not avail itself of the open-and-obvious doctrine as a defense to negligent design or construction claims. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 1992-Ohio-42, 597 N.E.2d 504, syllabus.

{¶ 26} The trial court did not err in granting summary judgment in favor of all defendants. There was no genuine issue of material fact as to whether the stringer was an open and obvious hazard or whether AMEC, Higley, and Tomco had a duty to notify the general contractor or the premises owner of any perceived danger created by another's alleged negligent design or installation. Finally, Hammond has not properly supported her assignment of error challenging the summary judgment granted in favor of Forest City. The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR