OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Freeman et al., Appellants, v. Norfolk & Western Railway
Company et al., Appellees.
[Cite as Freeman v. Norfolk & W. Ry. Co. (1994),    Ohio St.
3d    .]
Civil procedure -- Civ.R. 49 -- Interrogatory to jury must be
    drafted as to evoke afinding on a determinative issue --
    Interrogatory that requests the jury to state the
    "particulars" of the defendant's negligence is improper.
    (No. 93-280 -- Submitted January 26, 1994 -- Decided July
27, 1994.)
    Appeal from the Court of Appeals for Erie County, No.
E-90-68.
    On September 16, 1986, an automobile driven by Carlos R.
Peirano collided with a train operated by appellee Norfolk &
Western Railway Company ("Norfolk & Western") in Vermilion,
Ohio.  Appellant, Darla Freeman, was a passenger in the
automobile and sustained injuries.  Freeman filed suit for her
personal injuries, naming as defendants the railroad, the
engineer of the train, and Peirano.  Paragraph five of the
complaint alleged that the negligence of the railroad and
engineer consisted of: (a) operating the train at an unsafe
speed in light of the circumstances at the time and place of
the collision, (b) failing to maintain the crossing in a
condition free of visual obstructions to crossing motorists,
(c) failing to provide adequate warning of approaching trains,
(d) maintaining a crossing that was ultrahazardous, (e) failing
to equip the crossing with flashing lights and a warning gate,
and (f) failing to order the train crew to operate the train at
a reasonably safe rate of speed in light of the existing
obstructions and other unsafe conditions.
    At trial, Norfolk & Western recorded its objections to the
jury instructions and special interrogatories that the court
was about to submit to the jury.  One objection was to the
trial court's refusal to submit an interrogatory asking the
jury, if it found the railway to be negligent, to "state the
particulars of the Railway's negligence."
    The trial court's verbal instructions to the jury included
the following statements:

"Now the Plaintiffs allege that the Defendant N & W was negligent in failing to exercise ordinary care in the following respects.  One, by not removing vegetation which Plaintiffs claimed to have been obstructive to motorists at the intersection of the Defendant N & W's right of way with Douglas Street; two, by not providing adequate warning of trains approaching the crossing, whether by automatic warning devices or by other means; and three, [by] operating a railroad train over the Douglas Street crossing at a rate of speed that was unreasonable in light of the circumstances."

The jury returned a verdict against Norfolk & Western in the amount of $2 million.  The trial court entered judgment accordingly.

Norfolk & Western appealed, assigning thirteen errors.  The court of appeals reversed, holding that it was error to refuse to submit the interrogatory asking the jury to state the particulars of the railway's negligence.  The court of appeals noted, "*** [t]he trial court did not state that the interrogatory was defective in form or content.  Had that been the basis of the court's ruling, then developing an alternative interrogatory would be the appropriate response, not final rejection of the concept."

This cause is before the court pursuant to the allowance of a motion to certify the record.

Murray & Murray Co., L.P.A., and W. Patrick Murray; Williams & Williams Co., L.P.A., and Mark R. Williams, for appellants.

Robison, Curphey & O'Connell, Jack Zouhary and Jean Ann S. Sieler, for appellees.

Law Offices of Paul O. Scott and Paul O. Scott; Schulman, Mestel & Burick Co., L.P.A., and Alan Schulman, Jr., urging reversal for amicus curiae, Ohio Academy of Trial Lawyers.

Moyer, C.J.    This case presents the question whether the trial court erred when it refused to submit to the jury a particular interrogatory requested by the defendant.  For the reasons stated herein, we hold that the trial court did not err, and consequently we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

The interrogatory requested by Norfolk & Western stated:

"Question No. 3: Do you find by a preponderance of the evidence that the Railway was negligent which directly and proximately caused the collision?  Answer Yes or No.

"ANSWER:                          .  If 'Yes', state the particulars of the Railway's negligence.

"ANSWER:                          .

"***."

Prior to charging the jury, the court and counsel discussed the contents of the jury instructions and interrogatories in chambers and off the record.  During these discussions, the court indicated that it would not submit the above interrogatory.  The record lacks any indication that the trial court gave an explicit reason for rejecting the interrogatory; nor is there any indication that Norfolk & Western's counsel proposed any alternative interrogatory to the one rejected.

Civ.R. 49(B) states in part:

"The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law."

While it is mandatory that the court submit to the jury properly drafted interrogatories, the trial court retains discretion to reject interrogatories that are inappropriate in form or content. Ragone v. Vitali & Beltrami, Jr., Inc. (1975), 42 Ohio St.2d 161, 71 O.O.2d 164, 327 N.E.2d 645, paragraph one of the syllabus. A court may reject a proposed interrogatory that is ambiguous, confusing, redundant, or otherwise legally objectionable. Ramage v. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, paragraph three of the syllabus.

The purpose of an interrogatory is to "test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict." Riley v. Cincinnati (1976), 46 Ohio St.2d 287, 298, 75 O.O.2d 331, 338, 348 N.E.2d 135, 142. Although interrogatories may be addressed to issues of mixed law and fact or issues of fact only, the issues must be ultimate and determinative in character. Ragone, supra, 42 Ohio St.2d at 169, 71 O.O.2d at 168, 327 N.E.2d at 651. This court has defined proper interrogatories as those that will lead to "findings of such a character as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether the verdict shall stand." Bradley v. Mansfield Rapid Transit, Inc. (1950), 154 Ohio St. 154, 160, 42 O.O. 221, 224, 93 N.E.2d 672, 676-677. A properly drafted interrogatory will elicit a statement of facts from which a conclusion of negligence or no negligence may be drawn. Id. at 161, 42 O.O. at 224, 93 N.E.2d at 677. An interrogatory that is merely probative or evidentiary in nature, and does not touch on an ultimate issue, is improper. Id.

When the plaintiff's allegations include more than one act of negligence, it is proper to instruct the jury to specify of what the negligence consisted. Davison v. Flowers (1930), 123 Ohio St. 89, 9 Ohio Law Abs. 59, 174 N.E. 137, paragraph four of the syllabus. This court has specifically approved an interrogatory requesting the jury to state "in what respects the defendant was negligent." Ragone, supra, paragraph two of the syllabus. Similarly, an interrogatory requesting the jury to apportion percentages of negligence among the named defendants and "others involved" was proper. Cincinnati Riverfront Coliseum v. McNulty (1986), 28 Ohio St.3d 333, 28 OBR 400, 504 N.E.2d 415.

Conversely, we have held that a trial court should refuse to submit interrogatories that are improper in form or content. An interrogatory that inquires only whether there was actual notice, for example, is improper when the plaintiff may

prove actual or constructive notice. Riley, supra, 46 Ohio St.2d at 299, 75 O.O.2d at 338, 348 N.E.2d at 143. An interrogatory that asks for a conclusion that is not a legitimate issue is improper. Thus, it is proper to reject an interrogatory that asks whether a defendant physician was a hospital employee when the hospital's liability depends on the acts and status of its nurses, not those of the doctor. Ramage, supra, 64 Ohio St.3d at 108, 592 N.E.2d at 836. When only one act of negligence is alleged against a defendant, an interrogatory asking the jury to specify the manner in which the defendant was negligent is improper. Id.

The structure of Civ.R. 49, and of our adversary system in general, places the burden on the parties themselves to propose proper interrogatories. Civ.R. 49(B). If the trial court rejects a proposed interrogatory, a party may resubmit the interrogatory in an amended form. See, e.g., Riley, supra, 46 Ohio St.2d at 289, 75 O.O.2d at 333, 348 N.E.2d at 138. Although the interests of justice and efficiency may make it a wise course of action, Civ.R. 49 does not obligate a trial court actively to assist a party in reformulating improper interrogatories. The court's duty is merely to submit proper interrogatories, and to reject them only for a proper reason. McNulty, supra, 28 Ohio St.3d at 336, 28 OBR at 402, 504 N.E.2d at 418 (holding that it was error to reject proposed interrogatories merely because of a lack of time to consider them).

The standard under which we review a trial court's decision whether to submit a proposed interrogatory is abuse of discretion. Ragone, supra, at paragraph one of the syllabus.

The content of the interrogatory proposed by Norfolk & Western was appropriate. It is clear from Freeman's complaint and from the instructions to the jury that there were multiple bases upon which the plaintiffs sought to prove that Norfolk & Western was negligent. These included the speed of the train, the existence of obstructing vegetation, and the absence of appropriate warning signals. When more than one act of negligence was pled and relied on, it is proper to ask the jury to state of what the negligence consisted. Ragone, supra, 42 Ohio St. at 168, 71 O.O.2d at 167-168, 327 N.E.2d at 650. This is particularly important where, as in this case, "'the volume of evidence is substantial, the questions posed by the evidence are complex, and the parties potentially responsible for the losses are numerous.'" McNulty, supra, 28 Ohio St.3d at 337, 28 OBR at 403, 504 N.E.2d at 418.

We conclude, however, that the form of the requested interrogatory was improper. An interrogatory must be so drafted as to evoke a finding on a determinative issue. This court held recently that interrogatories requesting the jury to state specific measurements of distance, visibility and speed are evidentiary, not determinative, and thus improper. Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 615 N.E.2d 1022. The interrogatory at issue in the instant case requested the jury to state the "particulars" of the defendant's negligence. Such an interrogatory was likely to evoke specific, nondeterminative findings of the type we disapproved in Ziegler. Counsel for Norfolk & Western could readily have submitted an amended interrogatory in a form

already approved by this court.  For example, the jury could have been asked to state "in what respects" the defendant was negligent.  The trial court was within its discretion to reject the interrogatory as submitted.

Norfolk & Western argues that Freeman has asserted no theory upon which it could be found liable in negligence.  We agree that the negligence claim based on the speed of the train is preempted.  CSX Transp., Inc. v. Easterwood (1993), 507 U.S.    , 113 S.Ct. 1732, 123 L.Ed.2d 387.  The common-law tort action based on inadequate warning devices, however, is not preempted by federal law until federal funds have been expended for the installation of warning devices.  Id.  See, also, In re Miamisburg Train Derailment Litigation (1994), 68 Ohio St.3d 255, 626 N.E.2d 85; Carpenter v. Consol. Rail Corp. (1994), 69 Ohio St.3d 259, 631 N.E.2d 607.  It is undisputed that, at the time of the accident, no warning devices had been installed at the crossing.  We conclude, therefore, that at least one theory of negligence remained viable and was appropriate to submit to the jury.

For the foregoing reasons, we hold that the trial court did not err in refusing to submit Norfolk & Western's proposed interrogatory to the jury and in submitting the case to the jury.  Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

A.W. Sweeney, Douglas, Wright, Gwin, F.E. Sweeney and Pfeifer, JJ., concur.

W. Scott Gwin, J., of the Fifth Appellate District, sitting for Resnick, J.