I respectfully dissent.
The majority concludes that a new trial is warranted because the trial court abused its discretion by providing irrelevant instructions and confusing interrogatories to the jury. I disagree.
In this case, appellant changed its theory of recovery during trial: it began by asserting claims of breach of contract, promissory estoppel, anticipatory repudiation, and specific performance; during trial, however, it dismissed all counts except for its anticipatory repudiation claim pursuant to R.C. Chapter 1302.68. Despite the dismissal of the breach of contract claim, the court instructed the jury on rejection, revocation, tender of performance, and acceptance in accordance with the prior agreement between the parties, over the objection of RoData, and also submitted the interrogatories previously agreed to by the parties. At Tr. 401-405, the following exchanges took place between the court and counsel:
 THE COURT: The interrogatories we're not changing, they are correct. They are exactly what my notes indicated from our discussion.
 So if you want to object, that's fine, but they are exactly what we discussed. Again, by changing that, you want them to go right to damages without considering the defense, which was the long discussion we had in the back.
 Mr. DOUGLASS [RoData's counsel]: That's correct. And just for the record, your Honor, it is our position that once, assuming the jury finds that Christian 
Timbers repudiated the contract or had an anticipatory repudiation, there is no obligation on the part of the plaintiff to perform further, they have the right to suspend their performance. So the intended delivery is relevant [sic].
 THE COURT: They didn't tender delivery. The issue was whether there was a rejection.
 MR. DOUGLASS: Well, but you can't have a rejection until the delivery, until there's been a delivery.
 THE COURT: Interrogatory 2 is, Did the defendant repudiate the contract? If your answer is yes, proceed to Interrogatory 3. If they did not repudiate the contract, proceed to Interrogatory 3. Interrogatory 3, Did the defendant make a proper rejection of the contract? If your answer is yes, proceed to 4.
 No. 5, Did the defendant make a valid revocation of the contract? If the answer is yes, do not proceed further. If the answer is no, proceed to 6. And then to damages.
 MR. DEFOY [RoData's counsel]: Your Honor, if I may make one statement in terms of rejection. The statutes specifically provide for a rejection of goods, not a contract, and the rejection set forth in the UCC applies to a situation where if the goods have been delivered. And therefore anything in regards to rejection is only applicable if delivery has been made. If there's an anticipatory repudiation, rejection is irrelevant.
THE COURT: Miss Mileti.
 MS. MILETI [C T`s counsel]: I don't know what he is referring to.
 THE COURT: If you would like to, these are my notes from when we were discussing this, which I will remind you, these were all agreed to before they went to the secretary.
Are they ready?
THE BAILIFF: Yeah.
 MS. MILETI: Well, your Honor, if you want to be really particular, meticulous about it, it probably should also read, did the defendant repudiate the contract? If your answer is no, proceed no further.
That's not in here either.
 MR. DOUGLASS: I am not certain that I disagree with that, because I think the statute is clear, if there is anticipatory repudiation, the plaintiff need do nothing more, he may proceed directly to his remedy. If there is no repudiation, then I would agree with you, there must be a tender, but by definition, one can not reject goods that have not been delivered.
* * *
 THE COURT: Okay. You can note your objections for the record, but these were agreed to before I sent them to the secretary, they are going to remain the same. * * * Any objections to the instructions * * * ?
* * *
 MR. DOUGLASS: Consistent with the objections on the interrogatories, I would just put on the record I do not believe it is necessary under the circumstances of this case to provide an instruction on tendered delivery or rejection and acceptance. (Tr. 401-405) (Emphasis added.)
I recognize that because of RoData's mid-trial dismissal of its breach of contract claim, the instructions on tender of delivery, rejection, and acceptance are not necessary for consideration of the sole remaining anticipatory repudiation count. I note, however, the court prefaced its instructions on rejection of goods and acceptance with the following statement:
 If RoData actually tendered delivery of conforming * * * video conferencing equipment, you must then consider whether Christian Timbers either rejected the goods, or accepted the goods and then revoked that acceptance. (Tr. 443) (Emphasis added.)
Furthermore, the court's charge of anticipatory repudiation included the following instructions:
 When either party repudiates a contract with respect to a performance not yet due, the loss of which will substantially impair the value of the contract to the other, the aggrieved party may suspend his own performance. (Emphasis added.)
Thus, the court correctly instructed the jury that RoData may suspend its own performance, i.e., need not tender delivery, if the jury found it to have repudiated the contract. This instruction ensured that, in the event that the jury found RoData to have repudiated the contract, it would not consider whether RoData had tendered delivery. And, since the jury would only consider the issue of CT's rejection of goods and acceptance if it determined that RoData had tendered delivery, the jury, as instructed, would not have considered the issues of tender of delivery, rejection of goods, or acceptance if they found CT to have repudiated the contract. See, Pang v. Minch (1990), 53 Ohio St.3d 186,195, 559 N.E.2d 1313 (a presumption exists that the jury follows the instructions given by the trial court).
Thus, while the jury instructions on tender of delivery, rejection, and acceptance were surplusage in light of RoData's mid-trial abandonment of its breach of contract claim, when read as a whole, they did not mislead the jury. In my view, therefore, the court did not abuse its discretion by giving these instructions.
As to the interrogatories, the purpose of an interrogatory is to "test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict." See Freeman v. Norfolk W. Ry. (1994),69 Ohio St.3d 611, 635 N.E.2d 31.
Here, RoData complains that the jury should have been directed to Interrogatory No. 6, which deals with damages, if it answered in the affirmative to Interrogatory No. 2, which asked whether CT had repudiated the contract. Instead, RoData contends, the jury was misdirected to Interrogatories 3, 4, and 5, which state, respectively:
Interrogatory No. 3
 Did Defendant make a proper rejection of the contract? If your answer is "Yes", please proceed to Interrogatory No. 4.
 Interrogatory No. 4
 Did Plaintiff fulfill all of its obligations required of it under the contract? If your answer is "Yes", please proceed to Interrogatory No. 5. If you find that plaintiff failed to fulfill all of its obligations, do not proceed any further.
 Interrogatory No. 5
 Did Defendant make a valid revocation of the contract? If your answer is "Yes", do not proceed any further. If your answer is "No", please proceed to Interrogatory No. 6.
First, the record indicates that the court articulated its position that the interrogatories had resulted from a long discussion between the court and counsel and had been agreed to by the parties. A review of these interrogatories and the jury's answers, furthermore, shows that the jury responded to them in a fashion consistent with the general verdict and not indicative of confusion or misunderstanding on its part.
Interrogatory No. 3 references "rejection of the contract"; rejection normally refers to rejection of goods but, as used here, relates to the inquiry of whether RoData had indicated a definite and unequivocal refusal to perform the contract, an element of the anticipatory repudiation claim. Thus, the jury's affirmative answer to this interrogatory suggests no inconsistency, confusion or misunderstanding on its part.
Interrogatory No. 4 broadly refers to plaintiff's obligations pursuant to the contract; it does not specifically ask the jury if RoData has fulfilled its obligations after CT's repudiation. In my view, submitting Interrogatory No. 4 to the jury is harmless error at best because the court had correctly instructed the jury that an aggrieved party may suspend its own performance following the other party's repudiation of the contract.
Undoubtedly, the court could have submitted interrogatories to this jury better tailored to the issues presented; however, I do not believe the court abused its discretion in submitting these interrogatories because, as the court indicated on the record, they resulted from a long discussion between the court and the parties' counsel and had been agreed to by the parties.
Because the court correctly instructed the jury on anticipatory repudiation, because the jury's answers to the interrogatories are not inconsistent with its verdict and do not necessarily indicate confusion on its part, and because the verdict is supported by sufficient and credible evidence, I would affirm the judgment of the court in this case.