OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Allstate Insurance Company, appeals the decision of the Mahoning County Court of Common Pleas which granted judgment to Plaintiffs-Appellees, Rosmarie and Michael Antonoff, after a jury trial and denied Allstate's motion for judgment notwithstanding the verdict (JNOV). Mrs. Antonoff was injured in an automobile accident and she and her husband were seeking to recover underinsured motorist benefits from her insurer, Allstate.
 {¶ 2} Allstate argues that the Antonoffs have failed to properly prove that an injury to Mrs. Antonoff's knee and her post-accident depression were proximately caused by the automobile accident. But Allstate's arguments are irrelevant. The record demonstrates that the automobile accident proximately caused damages to the Antonoffs other than those disputed by Allstate. Allstate has only challenged the jury's verdict on the issue of proximate cause. It has not challenged the amount of the verdict. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} Mrs. Antonoff was injured in an automobile accident in December 1993 when she was rear-ended while parked. Due to the limits of the tortfeasor's liability coverage, Mrs. Antonoff settled her claim against him and his liability carrier for $12,500.00. The Antonoffs then filed an underinsured motorist claim with their insurer, Allstate. The parties disputed the amount of damages Mrs. Antonoff suffered as a result of the accident. Accordingly, the Antonoffs sued Allstate for underinsured motorist benefits in 1997.
 {¶ 4} Before the accident, Mrs. Antonoff had a history of severe chronic depression. She was hospitalized for depression in the late 1980s, was subsequently prescribed Prozac and Tranxene, and saw both a psychiatrist and a psychologist to combat her depression. Mrs. Antonoff was recovering from her depression before her accident. But she relapsed after the accident. She also began to suffer from mononucleosis, chronic fatigue syndrome, and fibromyalgia after the accident. These conditions are unrelated to the accident.
 {¶ 5} Immediately after the accident, Mrs. Antonoff complained of soreness in her knees as well as various other parts of her body, for which she sought medical treatment. This soreness eventually went away. In May 1997, Mrs. Antonoff told her doctor about a three month history of soreness in her knee. Subsequently, an orthopedic surgeon discovered that she had a torn meniscus which required arthroscopic surgery.
 {¶ 6} The case eventually went to trial on the issue of damages. After all the evidence was presented, the trial court denied Allstate's motion for a directed verdict. The jury then awarded Mrs. Antonoff $2,500.00 more than she already received in her settlement agreement with Allstate. It also awarded $10,000.00 to Mr. Antonoff. Allstate subsequently moved for JNOV and the trial court denied that motion. It is from this judgment that Allstate timely appeals.
 Assignments of Error {¶ 7} Allstate argues the following two assignments of error on appeal:
 {¶ 8} "The trial court erred in overruling Appellant's motion for directed verdict and Appellant's motion for judgment notwithstanding the verdict."
 {¶ 9} "The trial court erred in allowing Dr. Cubbison to offer an opinion based on possibility rather than probability."
 {¶ 10} In each of these assignments of error, Allstate argues the trial court should not have allowed the jury to consider either the injury to Mrs. Antonoff's knee or her postaccident depression. But Allstate fails to realize that the record contains evidence of other injuries as well. The jury's general verdict does not specify the injuries it found when calculating its award. Thus, it is irrelevant whether the jury considered the injuries Allstate raises in its assignments of error.
 {¶ 11} Allstate never requested jury interrogatories explaining how the damages which it awarded were divided between the physical and mental injury claims. Proper jury interrogatories lead to "`findings of such a character as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand.'" Freeman v. Norfolk W. Ry. Co. (1994),69 Ohio St.3d 611, 613-614, quoting Bradley v. Mansfield Rapid Transit,Inc. (1950), 154 Ohio St. 154, 160. "When a jury returns a verdict and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues, if any, was resolved in favor of the successful party, error with respect to one claim will be disregarded if another independent claim, free from prejudicial error, will support the verdict of the jury." Bobb Forest Products, Inc. v. Morbark Industries,Inc., 151 Ohio App.3d 63, 2002-Ohio-5370, ¶ 64.
 {¶ 12} In this case, the majority of the evidence introduced at trial dealt with the alleged injury to Mrs. Antonoff's knee and her post-accident depression. But the witnesses testified about other injuries as well. Mrs. Antonoff testified that immediately after the accident she was sore all over, that she was miserably sore for three days, and that this gave her problems sleeping. And although she testified that these symptoms subsided over time, when she saw her doctor about a week after the accident, she still had certain lingering complaints. There can be no doubt that Mrs. Antonoff suffered some damages even if the accident did not proximately cause either Mrs. Antonoff's knee injury or her post-accident depression.
 {¶ 13} Allstate has not challenged the amount of the jury's award at any stage of the proceedings. It moved for neither remittitur or for a new trial and did not assign the amount of damages as an assignment of error. Instead, Allstate argued to both the trial court and this court that the Antonoffs failed to prove that the accident proximately caused their damages. Since Allstate has not challenged the amount of the jury's award, we cannot question it now.
 {¶ 14} The record supports the jury's verdict that the automobile accident proximately caused some injury to the Antonoffs. The trial court properly denied Allstate's motion to the contrary. Accordingly, the trial court's decision is affirmed.
Vukovich, J., concurs.
Waite, P.J., dissents. See dissenting opinion.