OPINION
{¶ 1} This timely appeal comes on for consideration upon the record in the trial court and the parties' briefs. Appellant Valerie Parm appeals the decision of the Mahoning County Court of Common Pleas finding in favor of Appellee Maureen Ramsey on Parm's claim of negligence and Mr. Parm's claim of loss of consortium.
 {¶ 2} With this appeal, Parm challenges the trial court's instructions, or lack thereof, to the jury on sudden emergency, unavoidable accident, and comparative negligence. Based upon the "two issue rule," however, Parm cannot demonstrate that she was prejudiced by the instructions. More specifically, Parm failed to break down her jury interrogatories in such a way that this court can discern whether the jury found for Ramsey either 1) because Ramsey did not breach a duty owed to Parm, or 2) because Ramsey was not the proximate cause of Parm's injuries. Accordingly, we must affirm the decision of the trial court.
 Facts {¶ 3} On the morning of March 5, 2001, Parm and Ramsey were both traveling on the Himrod Expressway in Mahoning County, Ohio. Ramsey was traveling behind Parm in the centermost lane of a four lane highway. At one point Parm hit her breaks and her van began to fishtail on the icy road. Parm testified that she then intentionally drove her vehicle into the emergency lane, where there is a cement median, in hopes of regaining control. The parties' testimony differs on how far Parm's vehicle slid back into the left-hand lane after making contact with the median. Parm testified that no part of her car was in the left travel lane when she was struck by Ramsey. Alternatively, Ramsey testified that Parm's van slid back into the left travel lane, exposing the left side of the van to oncoming traffic. Ramsey further testified that she was not in the emergency lane and was not able to swerve around the van as there was traffic in the lane to the right of her. Nor was she able to bring her car to a stop in time to avoid colliding with the Parms' vehicle. While the parties' testimony differs, it is fairly clear that some part of the Parm vehicle came to rest in the left hand lane.
 {¶ 4} Parm alleges that as a result of the collision she experienced pain in her neck, shoulder, lower back, and hips. Furthermore, Parm continued to experience pain in these areas up to at least the time of trial. In hopes of alleviating this pain, Parm visited her family doctor, two chiropractors, and, a neurologist. Additionally, Parm underwent multiple sessions of physical therapy. Parm did not go to see any doctor or undergo any treatment until three weeks after the collision when she went to see her family doctor.
 {¶ 5} The Parms filed a complaint against Ramsey, and the case went to trial. On that same day, Mr. Parm voluntarily dismissed his loss of consortium claim. At the close of testimony, the trial court instructed the jury regarding the defense of sudden emergency, unavoidable accident, and provided a jury interrogatory, without instruction, regarding comparative negligence. The jury returned a verdict for Ramsey. It is not clear from the interrogatories which concepts the jury based their decision on, finding either that Ramsey was not negligent, or in the alternative, that she was not the proximate cause of Parm's injuries.
 General Verdict in a Multi-Claim Case {¶ 6} Parm argues three assignments of error on appeal:
 {¶ 7} "The trial court erred when it instructed the jury on the sudden emergency defense.
 {¶ 8} "The trial court erred when it instructed the jury regarding unavoidable accident.
 {¶ 9} "The trial court erred when it provided the jury with an interrogatory regarding comparative negligence without instructing the jury regarding comparative negligence."
 {¶ 10} Significantly, all three of these assignments of error hinge upon whether Ramsey violated the assured clear distance statute. This is crucial to Parm's case since the jury would have to find Ramsey was negligent per se if she violated the statute. However, it is not discernible from the record whether the jury reached this issue. When asked "Do you find by a preponderance of the evidence that Defendant Maureen Ramsey was negligent, and did that negligence directly and proximately cause any injury to plaintiffs?" the jury responded, "No."
 {¶ 11} The problem with the interrogatory is that the jury was asked a compound question but was given only space to mark "Yes" or "No." Thus, it is possible that the jury found Ramsey to be negligent based upon a violation of the assured clear distance statute but concluded that she suffered no injuries from Ramsey's negligence. If that is in fact the case, then Parm would not have suffered any prejudice by the alleged improper instructions on sudden emergency and unavoidable accident. Nor would she have been prejudiced by an erroneous comparative negligence instruction since the jury would not have reached that issue.
 {¶ 12} Many courts have concluded that a verdict will stand, regardless of error in the jury instructions, where an appellant has failed to demonstrate prejudice due to overbroad jury interrogatories. See Cicchillo v. A Best Products Co. (Jan. 10, 2002), 8th Dist. No. 79288; Paris v. Dairy Mart-Lawson Co. (Dec. 12, 2003), 2nd Dist. No. 19871; Waddell v. Roxanne Laboratories, Inc. (May 6, 2004), 10th Dist. No. 03AP558.
 {¶ 13} Most notably, the Ohio Supreme Court has decided that:
 {¶ 14} "Where there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded." Hampel v. Food Ingred. Specialties, Inc. (2000),89 Ohio St.3d 169, 185. In Hampel, the Supreme Court refused to reverse for a new trial where there was insufficient evidence to instruct on sexual harassment but sufficient evidence to instruct on intentional infliction of emotional distress. Although the jury was charged on both issues, it returned a general verdict.
 {¶ 15} "Proper jury interrogatories lead to findings of such a character as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand." Freeman v. Norfolk W. Ry. Co. (1994), 69 Ohio St.3d 611,613-614, quoting Bradley v. Mansfield Rapid Transit, Inc. (1950),154 Ohio St. 154, 160. "When a jury returns a verdict and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues, if any, was resolved in favor of the successful party, error with respect to one claim will be disregarded if another independent claim, free from prejudicial error, will support the verdict of the jury." Bobb Forest Products, Inc. v. Morbark Industries,Inc. (2002), 151 Ohio App.3d 63, 64.
 {¶ 16} In Kalbfell v. Marc Glassman, Inc. (June 26, 2003), 7th Dist. No. 02CO5, this court similarly held that the two-issue rule would save a jury verdict even if an improper charge was submitted. This court reasoned that, instead of accepting a general verdict form, the appellant could have asked for special interrogatories to determine which of the causes of action was decided in its favor. Because there was sufficient evidence to instruct on the other issues which were properly decided against the appellant, the general verdict was affirmed despite the fact that an improper charge may have been given as to a particular cause of action.
 {¶ 17} Applying this principle to the instant case, the court must be able to determine whether there is enough evidence in the record to support the possibility that the jury might have found that Ramsey was not the proximate cause of Parm's injuries. Dr. James Brodell, an orthopedist who examined Mrs. Parm and Mrs. Parm's medical history, testified at trial that the pain Mrs. Parm was experiencing pre-existed the date of the car accident. Specifically, Dr. Brodell diagnosed Mrs. Parm's pain as being the result of "a slow, age related process." Based on this testimony, the jury could have reasonably found beyond a preponderance of the evidence that Ramsey was not the proximate cause of Mrs. Parm's pain. The jury could have just as easily determined that Mrs. Parm was experiencing pain due to age related arthritis.
 {¶ 18} Although it is possible that the trial court's instructions on sudden emergency, unavoidable accident, and lack of instructions on comparative negligence, may have been given in error, given the facts in this case, we cannot tell whether the jury found in Ramsey's favor based upon Parm's arthritis. Because we must apply the "two issue rule" in this particular situation, Parm is unable to demonstrate that she was prejudiced by these erroneous instructions. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.