OPINION *Page 2 
{¶ 1} Plaintiff-appellant Albert Davis appeals from a jury verdict entered in the Mahoning County Common Pleas Court in favor of defendants-appellees George Georgopoulos, M.D. and his medical practice. The sole argument on appeal is that a portion of a jury interrogatory, which the jury never reached, was akin to the special verdict prohibited by Civ. R. 49(C). Due to the failure to establish preservation of the alleged error by objection in the trial court, we find waiver of any issues surrounding the interrogatory. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In 2004, plaintiff filed a medical malpractice complaint against George Georgopoulos, M.D. and George Georgopoulos, Inc. (collectively referred to as defendant). The complaint alleged negligent performance of a coronary bypass that was conducted in 2000 but was not discovered until 2004, when plaintiff received a heart catheter to diagnose his further chest pain. Trial to a jury began on March 31, 2008. Defendant filed proposed jury interrogatories, which the court accepted.
 {¶ 3} The first interrogatory initially asked if the jury found by a preponderance of the evidence that defendant deviated from the standard of care in the medical care and treatment of plaintiff and required the jury to circle "yes" or "no." If six or more jurors answered yes, then the second part of this interrogatory asked the jury to describe the act(s) or omission(s) that the jury found to constitute a deviation from the standard of care. The jury circled "no" and thus found that defendant did not deviate from the standard of care. As such, they did not answer the second part of the interrogatory.
 {¶ 4} Rather, they proceeded to sign a general verdict for defendant on April 2, 2008, which was entered by the court on April 3, 2008. Plaintiff filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 5} Plaintiffs sole assignment of error provides: *Page 3 
 {¶ 6} "THE TRIAL COURT ERRED, TO THE DETRIMENT OF APPELLANT BY ALLOWING THE JURY TO USE APPELLEE'S INTERROGATORY NO. 1."
 {¶ 7} Plaintiffs only argument is that, although the jury answered "no" to the first part of the interrogatory and thus found that defendant did not deviate from the standard of care, the second part of the interrogatory (which only was to be answered in the case of a "yes" answer to the first part) constituted reversible error. Plaintiff believes that an interrogatory asking the jury to describe the acts or omissions they found to constitute a deviation from the standard of care is equivalent to a special verdict, which is prohibited by law. In claiming prejudice, he urges that the question could have confused and frustrated jurors if they felt unable to articulate a reason; he also claims that these jurors may have felt compelled to just vote "no" on the first question in order to avoid answering the second question.
 LAW AND ANALYSIS {¶ 8} At one time, courts occasionally used special verdicts. This meant that the jury would answer questions but the court would enter the general verdict for whichever party it believed should receive judgment based upon the answers to the special verdict. However, the special verdict has since been abolished. Civ. R. 49(C) provides that special verdicts shall not be used, and Civ. R. 49(A) states that a general verdict, whereby the jury finds generally in favor of the prevailing party, shall be used.
 {¶ 9} However, contrary to appellant's suggestion, a general verdict of a jury can be accompanied by answers to interrogatories. Civ. R. 49(B). The purpose of this rule is to broaden the function of the jury interrogatory. See 1970 Staff Note. "The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law." Civ. R. 49(B). The rule further provides that the court can review the answers to the interrogatories in conjunction with the general verdict to determine if there exist inconsistencies in which case the court can enter judgment different than the jury's general verdict, return the jury for further consideration or order a new trial).
 {¶ 10} Thus, the jury interrogatory has a function similar to the old special verdict: "to test the thinking of the jury, that is, to make the jury stick to the facts and the law without applying `laymen's justice'." See 1970 Staff Note. See, also, *Page 4 Cincinnati Riverfront Coliseum, Inc. v. McNulty, Inc. (1986),28 Ohio St.3d 333, 336-337 (the main purpose of jury interrogatories is to test the correctness of a general verdict by asking the jury to disclose its opinion on the determinative issues in a case based upon the trial evidence). See, also, Newman v. Norfolk W. Ry. Co. (1994),69 Ohio St.3d 611, 613 (to test jury's thinking in resolving an ultimate issue and ensure it coincides with the general verdict). As such, a jury interrogatory is not considered to be an invalid special verdict if the jury also receives a general verdict.
 {¶ 11} Still, the trial court has limited discretion to reject interrogatories if they do not refer to a determinative issue or if they are ambiguous, confusing, incomplete, redundant or otherwise legally objectionable. Ramage v. Central Ohio Emerg. Serv., Inc. (1992),64 Ohio St.3d 97, 107-108. "The standard under which we review a trial court's decision whether to submit a proposed interrogatory is abuse of discretion." Freeman v. Norfolk Western Ry. Co. (1994),69 Ohio St.3d 611, 614.
 {¶ 12} In Ramage, the Court reviewed a trial court's rejection of jury interrogatory that asked the jury to "[s]tate below specifically the manner in which Defendants * * * were negligent in the care and treatment of Plaintiff * * *." Id. at 106. The Court upheld the trial court's rejection of the interrogatory because only one act of negligence was alleged against the defendants who sought the interrogatory, explaining that the interrogatory had no function since the determinative issues and the issues submitted to the jury for its verdict were identical. Id. at 108.
 {¶ 13} Plaintiff believes Ramage is a case on point in his favor. We note that Ramage was merely a reviewing court upholding a trial court's rejection of a requested interrogatory. This does not necessarily mean that the Court would have reversed the trial court's acceptance and submission of that same interrogatory. We also point out that contrary to appellant's suggestion, a "narrative interrogatory" is not itself impermissible. See 1970 Staff Note (using such terminology and giving as an example an interrogatory worded similar to the one at issue herein). The holding in Ramage was specifically restrained to those cases where only a singular basis for negligence was alleged.
 {¶ 14} In fact, after Ramage, the Court found that a "narrative interrogatory" would be appropriate where there were multiple bases upon which the plaintiff sought *Page 5 
to prove the defendant's negligence. Freeman, 69 Ohio St.3d at 615
(multiple bases of negligence in train wreck were speeding train, obstructing vegetation and lack of warning). The Freeman Court held that a trial court can ask the jury to "state" or "specify" "of what the negligence consisted" or "in what respects the defendant was negligent." Id. at 614-615, citing Ragone v. Vitali Beltrami, Jr., Inc. (1975), 42 Ohio St.2d 161, 168. See, also, Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 259 (interrogatory asked in what respects defendant failed to comply with acceptable standards of medical practice).
 {¶ 15} The Freeman Court concluded as long as the interrogatory evokes determinative findings rather than non-determinative evidentiary findings (such as requiring the jury to state measurements of visibility, speed or distance), the trial court need not reject the interrogatory. Id. at 615. The Court found, however, that the trial court did not abuse its discretion in rejecting an interrogatory that asked the jury to state the "particulars" of the defendant's negligence because such question could evoke non-determinative findings on matters that would not actually establish liability. Id. Once again, this was merely the Court upholding a trial court's discretionary act.
 {¶ 16} Here, a trial court could use its discretion to find that an interrogatory asking the jury to describe the act(s) or omission(s) that constituted a deviation from the standard of care is equivalent to asking the jury to specify in what respects the defendant was negligent or to state of what the negligence consisted as was permitted inFreeman. Still, such interrogatory could be considered inappropriate if there was only a singular basis upon which plaintiff sought to prove defendant's negligence.
 {¶ 17} Plaintiff's central argument is that the main LAD (lateral anterior descending) artery should have been bypassed rather than the diagonal or peripheral artery. Plaintiff presented alternative reasons as to why this constituted negligence. For instance, noting that the post-surgical report disclosed that the main LAD was bypassed when in fact it was not, plaintiff first claimed that defendant was negligent in identifying the proper artery and that he accidentally attached the bypass to the diagonal. Plaintiff's expert also posited that if defendant purposely bypassed to the diagonal, this is a deviation from the standard of care because, contrary to the defense expert's testimony, plaintiff's expert testified that bypass to a peripheral artery is not an *Page 6 
accepted practice. (Appellant's Brief at 4-5). In the alternative, plaintiff suggests that even if utilizing a diagonal is in fact an accepted practice, one should not perform the procedure using any artery that is already 30% blocked as was this diagonal. (Id. at 7-8). Plaintiff also seems to have presented a theory regarding lack of informed consent, but since appellant only ordered a limited record for our review, we are unable to determine if this theory was presented at trial.
 {¶ 18} In any event, even if there were not multiple bases upon which the plaintiffs sought to prove defendant was negligent and even if acceptance of the interrogatory could be considered an abuse of discretion, this case presents an insurmountable waiver problem. Plaintiff claims that he objected to the jury interrogatory prior to it being read to the jury and that the trial court overruled his objection. Nevertheless, the ten-page portion of the transcript containing objections to jury instructions (which is the only transcription plaintiff submitted to this court besides his expert's testimony) fails to demonstrate that he objected to the jury interrogatory. Plaintiff asked the trial court to correct the record to show his objection to the interrogatory; however, the trial court overruled said motion.
 {¶ 19} As defendant-appellee argues, because there is no objection in the record, any issue with the jury interrogatory has been waived. SeeDrenning v. Blue Ribbon Homes, 6th Dist. No. F-06-001, 2007-Ohio-1323, ¶ 69, fn4 (where appellant alleged he objected but record failed to establish such fact). Appellant concedes that in order to avoid waiver, an objection to a jury interrogatory must be filed prior to submission of the interrogatory to the jury. See, e.g., Cleveland Constr. Co. v.Ohio Pub. Emp. Ret. Syst., 10th Dist. No. 07AP-574, 2008-Ohio-1630, ¶ 39
(PERS failed to object to jury interrogatory when given and thus waived error as to such interrogatory); Deskins v. Cunningham, 3d Dist. No. 14OS29, 2006-Ohio-2003, ¶ 50 (it is counsel's duty to create a record at trial including expressing his desires regarding interrogatories); Schmidt v. Koval, 7th Dist. No. 00CA239, 2002-Ohio-1558, ¶ 38 (appellant waived the failure to submit an interrogatory where appellant did not object to the trial court);Nelson v. Ford Motor Co. (2001), 145 Ohio App.3d 58, 67 (11th Dist.);Martin v. St. Vincent Med. Ctr (2001), 142 Ohio App.3d 347, 361
(6th Dist.); Boewe v. Ford Motor Co. (1992), 94 Ohio App.3d 270, 278-279
(8th Dist.). See, also, *Page 7 O'Connell v. Chesapeake Ohio RR. Co. (1991), 58 Ohio St.3d 226,229-230 (failure to raise inconsistencies in answers to interrogatories prior to jury's dismissal generally constitutes waiver).
 {¶ 20} This is in line with the well-established general premise that a reviewing court will not consider any error which a party failed to bring to the trial court's attention at a time when that error could have been avoided or corrected by the trial court. See, e.g., LeFort v.Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Accordingly, any problem with the jury interrogatory has been waived.
 {¶ 21} We note here that civil plain error is not a favored doctrine and can be utilized only in an extremely rare case involving exceptional circumstances. Gable v. Gates Mills, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 43, citing Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122-123. The error must "seriously affect the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id.
 {¶ 22} We cannot say that this case presents such exceptional circumstances. The unanswered portion of the interrogatory cannot be said to have seriously affected the basic fairness, integrity or public reputation of the judicial process.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
 DeGenaro, P.J., concurs. *Page 1