[Cite as *Smith v. Honda*, 2024-Ohio-1418.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### LOGAN COUNTY

BRIAN SMITH,

    PLAINTIFF-APPELLEE,                    CASE NO. 8-23-17

    v.

HONDA OF AMERICA MFG., INC.,

    DEFENDANT-APPELLANT,

  -And-

                                  O P I N I O N

OHIO BUREAU OF WORKERS'
COMPENSATION,

    DEFENDANT-APPELLEE.

Appeal from Logan County Common Pleas Court
Trial Court No. CV 22 03 0074

**Judgment Affirmed**

Date of Decision:  April 15, 2024

**APPEARANCES:**

    *David M. McCarty* for Appellant

    *Katherine E. Ivan* for Appellee, Brian Smith

**WALDICK, J.**

{¶1} Employer-appellant, Honda of America ("Honda"), brings this appeal from the August 15, 2023, judgment of the Logan County Common Pleas Court journalizing a jury's determination that employee-appellee, Brian Smith ("Smith"), was entitled to participate in the worker's compensation fund for the conditions of "Left Carpal Tunnel Syndrome" and "Bilateral Lateral Epicondylitis." On appeal, Honda argues that the trial court erred by refusing to submit its written interrogatories to the jury, and that the trial court erred by failing to inform counsel of its refusal to submit written interrogatories to the jury prior to closing arguments. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} It is undisputed that on July 18, 2017, Smith suffered an injury while performing his work duties for Honda. Smith filed a claim for worker's compensation and his claim was granted for: "Synovitis/Tenosynovitis Left Hand"; "Trigger Finger Left Middle Finger"; and "Trigger Finger Left Ring Finger." It is also undisputed that Smith continued his employment with Honda.

{¶3} On January 6, 2020, Smith filed a motion to add the diagnosis of "Left Carpal Tunnel Syndrome" to his claim. On March 24, 2020, Smith filed a motion to add the diagnosis of "Bilateral Lateral Epicondylitis." A District Hearing Officer denied Smith's motions. Smith appealed the decision to a Staff Hearing Officer, but

the claims were again denied. Smith then appealed to the Industrial Commission, but his appeal was denied.

{¶4} With his administrative remedies exhausted, Smith filed an appeal to the Logan County Common Pleas Court seeking to participate in workers' compensation. The case proceeded to a jury trial wherein Smith presented expert testimony that Smith's repetitive work actions led to him having "Left Carpal Tunnel Syndrome" and "Bilateral Lateral Epicondylitis." Honda presented expert testimony claiming that Smith's condition, if it even existed, was the result of natural deterioration of tissues.

{¶5} Ultimately, the jury determined that Smith was entitled to participate in the benefits of the worker's compensation fund for the conditions "Left Carpal Tunnel Syndrome and Bilateral Lateral Epicondylitis." The trial court filed a final judgment entry on this issue on August 15, 2023. It is from this judgment that Smith appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The Trial Court erred in refusing to submit written interrogatories to the jury.**

**Second Assignment of Error**

**The Trial Court erred in failing to inform counsel of its proposed action upon the requests for interrogatories prior to arguments made to the jury.**

*First and Second Assignments of Error*

{¶6} In its first assignment of error, Honda contends that the trial court erred by denying its request to submit its written interrogatories to the jury pursuant to Civ.R. 49(B). In its second assignment of error, Honda argues that the trial court erred by failing to inform trial counsel that the interrogatories would not be submitted to the jury prior to closing arguments. Honda argues both assignments of error together in its brief, so we will address them together.

Relevant Authority

{¶7} Generally, the purpose of a jury interrogatory is to "test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict." *Riley v. Cincinnati*, 46 Ohio St.2d 287, 298, 75 O.O.2d 331, 338, 348 N.E.2d 135, 142 (1976). Civil Rule 49(B) governs jury interrogatories, and it states, in pertinent part:

> The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.

{¶8} Pursuant to the plain language of Civ.R. 49, it is generally mandatory for a trial court submit properly drafted interrogatories to the jury; nevertheless, the Supreme Court of Ohio has held that a trial court retains discretion to reject interrogatories that are inappropriate in form or content. *Freeman v. Norfolk & W. Ry. Co.*, 69 Ohio St.3d 611, 613–14, 635 N.E.2d 310, 313 (1994), citing *Ragone v.*

*Vitali & Beltrami, Jr., Inc.*, 42 Ohio St.2d 161, 327 N.E.2d 645 (1975) paragraph one of the syllabus. According to the Supreme Court of Ohio, a trial court may reject a proposed interrogatory "that is ambiguous, confusing, redundant, or otherwise legally objectionable." *Id.*, citing *Ramage v. Cent. Ohio Emergency Serv., Inc.*, 64 Ohio St.3d 97, 592 N.E.2d 828 (1992), paragraph three of the syllabus.

Proposed Jury Interrogatories and the Trial Court's Denial

{¶9} In order to address Honda's argument that the trial court erred by denying its request to submit its interrogatories to the jury, we must review the information contained in the record and the sequence of events leading to the trial court denying Honda's request.

{¶10} On May 23, 2023, the day before trial was scheduled to begin, Honda filed six proposed jury interrogatories. The interrogatories contained the following questions:

**JURY INTERROGATORY NO. 1**

Does or did Plaintiff have left carpal tunnel syndrome?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

If your answer above is "NO," go to Jury Interrogatory No. 4. If your answer above is "YES," go to Jury Interrogatory No. 2.

**JURY INTERROGATORY NO. 2**

Was left carpal tunnel syndrome primarily caused by the natural deterioration of tissues?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

If your answer above is "YES," go to Jury Interrogatory No. 4. If your answer is "NO," go to Jury Interrogatory No. 3.

## JURY INTERROGATORY NO. 3

Did Plaintiff's repetitive work activities resulting in the July 18, 2017 claim directly and proximately cause left carpal tunnel syndrome?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

Please go to Jury Interrogatory No. 4.

## JURY INTERROGATORY NO. 4

Does or did Plaintiff have bilateral lateral epicondylitis?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

If your answer above is "NO," stop, you are done. If your answer is "YES," go to Jury Interrogatory No. 5.

## JURY INTERROGATORY NO. 5

Was bilateral epicondylitis primarily caused by the natural deterioration of tissues?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

If your answer above is "YES," stop, you are done. If your answer is "NO," go to Jury Interrogatory No. 6.

### JURY INTERROGATORY NO. 6

Did Plaintiff's repetitive work activities resulting in the July 18, 2017 claim directly and proximately cause bilateral epicondylitis?

[Blanks for "YES" and "NO" are provided.]

All jurors who agree with the above answer must sign below:

[Eight blanks provided]

(Doc. No. 47).

{¶11} Honda's attorney referenced the interrogatories in his opening statement to the jury: "The other thing that you will go through are some interrogatories which sort of just leads your reasoning to whether or not you get to the is [he] or is [he] not [entitled to participate in worker's compensation]." (Tr. at 17-18).

{¶12} At the end of the first day of trial, outside the presence of the jury, the trial court referenced the interrogatories in the following segment:

THE COURT: What will happen is is [sic] that I will read the stipulations to the jury tomorrow when I charge the jury and do the

instructions. Ms. Wolford will have a hard copy of that or – I already have a hardcopy made of it, and that will go back in the jury room along with the exhibits and the instructions and the verdict forms, interrogatories.

(Tr. at 68).

{¶13} On the second day of trial, Honda's counsel again referenced the interrogatories in his closing arguments:

And so as we wrap up, burden of proof, if you find an equal balance between the positions, then you have found that the plaintiff has not met his burden of proof. And, again, that burden is with regard to each element of his case, and basically boils down to three elements: Number one, does the conditions [sic] exist; number two, if they exist is the primary cause natural deterioration; and, number three, were they directly and proximately caused. We will provide to you jury interrogatories that have you address each of those elements.

(Tr. at 83).

{¶14} Following the parties' closing arguments, the trial court indicated that the verdict forms would be sent back to the jury. Honda's attorney inquired about the interrogatories, and the trial court indicated it had not yet looked at them. A recess was taken so the trial court could review the interrogatories. When court reconvened outside the presence of the jury, the trial court recited its analysis on the record and determined not to submit the interrogatories to the jury.

THE COURT: Yes, they were. They were filed on May 23rd. Let the record reflect that we are considering the document captioned jury interrogatories of appellee Honda Development Manufacturing, Inc. Interrogatory number one is does plaintiff have left carpel [sic] tunnel syndrome. That is duplicate of the verdict form. Jury interrogatory number two is was left carpal tunnel syndrome primarily cause [sic]

-8-

by the natural deterioration of tissues. That is more than they need to decide.

Did plaintiff's repetitive work activity resulting in the July 18, 2017 directly and proximately cause left carpal tunnel syndrome. I believe that is assumed in the verdict form. Does or did plaintiff have bilateral epicondylitis, yes or no. Was the bilateral epicondylitis primarily cause [sic] by the natural deterioration of tissues, yes or no. Did plaintiff's repetitive work activity resulting in the July 18, 2017 claim directly and proximately cause bilateral epicondylitis, yes or no.

You know, the Court's view is that these Workers' Compensation trials and all trials in general should be kept as simple as possible for the jurors. All of those questions and issues have been thoroughly put before the jury, both in the evidence, the opening and closing, so the Court is not going to submit interrogatories to the jurors. I'm just going to have them return verdicts.

(Tr. at 105-106).

**{¶15}** The jury returned verdicts indicating that Smith "IS" entitled to participate in the workers' compensation fund for Bilateral Lateral Epicondylitis and Left Carpal Tunnel Syndrome. The verdict forms were signed by all eight jurors, even though only six needed to agree.

**{¶16}** After the verdicts were presented, the trial court asked both parties whether they wanted to poll the jury. Smith's attorney and Honda's attorney both declined to have the jury polled.

Analysis

**{¶17}** Honda argues on appeal that the trial court failed to properly comply with Civ.R. 49(B) since the interrogatories were appropriately submitted and because Smith's counsel had no objection to them being presented to the jury.

However, the Supreme Court of Ohio has held that trial courts have discretion to reject a proposed interrogatory "that is ambiguous, confusing, redundant, or otherwise legally objectionable." *Freeman v. Norfolk & W. Ry. Co.*, 69 Ohio St.3d 611, 613–14. Here, the trial court indicated its reasoning on the record that the interrogatories were, effectively, redundant since all of the determinations in the interrogatories would have to be made by the jury in rendering its verdict. We find no abuse of discretion with the trial court's determination.

{¶18} For example, there were interrogatories that asked whether Smith had Left Carpal Tunnel Syndrome and Bilateral Epicondylitis, which is what the jury was already instructed it had to find in its general verdict in order to determine Smith was entitled to participate in the worker's compensation fund. In addition, there were two interrogatories that asked whether the injuries were primarily caused by the natural deterioration of tissues. However, the jury was instructed that: "Injury does not include injury or disability caused primarily by the natural deterioration of tissue[.]" Thus in making its finding that Smith was entitled to participate in the workers' compensation fund, the jury had to determine that Smith's injuries were not caused by the natural deterioration of tissues.

{¶19} We emphasize that it may have been the better practice for the trial court to submit the interrogatories to the jury so that both parties could properly assess the verdict, particularly given that Smith's attorney did not object. Nevertheless, we do not find reversible error here because all eight jurors were

instructed on issues covered in the interrogatories. *See Holly v. Greater Cleveland Regional Transit Auth.*, 8th Dist. No. 111214, 2022-Ohio-3236, 199 N.E.3d 13, ¶ 12, appeal not allowed.

**{¶20}** Moreover, "[i]f appellants were concerned about these verdicts, then they should have asked the trial court to poll the jury." *Botts v. Tibbs*, 12th Dist. Butler No. CA98-06-125, 1999 WL 326166, *4. Honda never challenged the verdicts upon their return. For example, Honda failed to avail itself of the opportunity to poll the jury when prompted by the trial court, which could have mitigated any potential harm that Honda believed was created by the trial court's determination not to submit the interrogatories to the jury.

**{¶21}** Finally, Honda argues that the trial court failed to comply with Civ.R. 49(B)'s requirement to "inform counsel of its proposed action upon the requests prior to their arguments to the jury[.]" However, Honda ignores the remaining portion of Civ.R. 49(B) that states: "but the interrogatories shall be submitted to the jury in the form that the court approves." Given the segment in Civ.R. 49(B) as a whole, the question returns to whether the trial court abused its discretion by determining that the jury interrogatories were redundant, and we have already determined that the trial court did not abuse its discretion. For all of these reasons, Honda's first and second assignments of error are overruled.

*Conclusion*

{¶22} Having found no error prejudicial to Honda in the particulars assigned and argued, Honda's assignments of error are overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**